JACOB B. LININGER, PLAINTIFF IN ERROR, v. ISAAC M. RAYMOND, AND OTHERS, DEFENDANTS IN ERROR.

An assignment for the benefit of creditors sustained. Rehearing denied.

APPLICATION for rehearing of the case, *ante p.* 19.

*Harwood & Ames,* for the application.

MAXWELL, CH. J.

The defendants move for a rehearing in this case upon certain specified grounds, that will be considered in their order.

*First.* It is objected that the assignment was never entered on the numerical index, nor recorded in the deed record, but only in the miscellaneous record.

It appears from the stipulation of facts, and also from the record itself, that the deed of assignment was made on the 30th day of January, 1878, and filed for record on the next day.

Sec. 1 of the act "relating to voluntary assignments for the benefit of creditors," approved February 19, 1877, provides that: "In every case in which any person shall make a voluntary assignment of his estate, real or personal, or both, or any part thereof, to any person or persons in trust for his creditors, it shall be the duty of the assignee or assignees within thirty days after the execution thereof, to file in the office of the clerk of the district court, in the county in which the assignor shall reside, an inventory of all the estate or effects so assigned, accompanied with an affidavit by such assignees that the same is a complete inventory of all such estate and effects, so far as the same has come to their knowledge."

Sec. 2 provides for the appointment of appraisers.

Sec. 3 provides that the assignees shall give bond, etc.

Sec. 4 requires the assignee to give notice of his appointment and of the filing of claims.

Sec. 5 provides that the assignment shall inure to the benefit of all creditors in proportion to their demands, laborers to the extent of $100.00 to be paid in full.

Sec. 7 provides that "all assignments so made and executed as aforesaid, which shall not be recorded in the office of the recorder of deeds in the county in which real estate so assigned is situated, within thirty days after the execution thereof, shall be considered null and void, as against any of the creditors of said assignor, and sub-

sequent bona fide purchasers without notice." [Comp. Stat., Chap. 6.]

Sec. 78, of Chap, 18, Comp. Stat., provides that: "The county clerk shall be ex-officio register of deeds, and shall have the custody of, and safely keep and preserve, all books, records, maps, and papers kept or deposited in his office; he shall also record or cause to be recorded, in suitable books, all deeds, mortgages, instruments and writings, authorized by law to be recorded in his office, and left with him for that purpose."

Sec. 82 provides that: " Different sets of books shall be provided for the recording of deeds and mortgages; in one of which sets all conveyances absolute in their terms, and not intended as mortgages, or as securities in the nature of mortgages, shall be recorded; and in the other set such mortgages and securities shall be recorded."

Sec. 87 provides that: " The county clerk shall also keep a separate book, to be called the "Miscellaneous Record," in which all papers, instruments, and writings not entitled to be recorded in any of the books hereinbefore provided for, shall be recorded."

The miscellaneous record would seem to be the proper book in which to enter an assignment, and therefore we must hold that it was properly recorded.

*Second.* A great deal of stress is laid upon the fact that four days prior to the assignment, the assignors delivered to one Gillan, promissory notes in the aggregate to the amount of $1,050.00, in payment of $350.00 not then due. It is claimed this transaction being fraudulent on their part, invalidated the whole assignment. In other words, that the intention of the assignors to defraud would of itself render an assignment, otherwise fair, void. Every assignment of property to a trustee is, to some extent, a hindering and delaying of creditors, and is void as to the cred-

itors, if the property is not to be applied to the pay-
ment of their debts. And when, instead of distributing
his property among his creditors as far as it will go, the
assignor places it beyond their reach by an assignment,
for the purpose of preserving it for his own use, or that
of a friend, courts do not hesitate to declare such assign-
ment void, because under the pretext of an assignment,
the debtor has concealed or prevented the application of
his property to the payment of his debts. But where the
debtor parts with all control of his property, and devotes
it absolutely to the payment of his debts without reserva-
tion, the advantage to creditors is clear and direct, and
although there may be delay in the payment of the debts,
still the assignment is not fraudulent and will not be
declared void.

In the case at bar the deed of assignment contains
these provisions: "For the said consideration aforesaid,
to him so paid as aforesaid, hereby sells, assigns, grants,
and conveys unto the party of the second part, all his
lands, tenements, hereditaments, goods, chattels, prop-
erty, choses in action of every name, nature and descrip-
tion, wheresoever the same may be," etc. The assignee
is a trustee for the creditors. Under such an assign-
ment he may sue for, and recover any money or property
belonging to the trust estate, no matter where the same
may be. If Mr. Gillan has received money or prop-
erty belonging to the assignors without consideration, or
to which he is not entitled, it is the duty of the assignee
to institute an action to recover the same. Under our
statute claims must be allowed against the estate, and
any one interested therein may attack any claim for
cause. The assignee is under the control and direction
of the district court, and it is the duty of such assignee
to collect and apply the whole estate to the payment of the
debts as speedily as possible. The court should require
the utmost good faith on his part, and should see to it

that the trust is faithfully and speedily executed. An assignment making an equal distribution of the debtor's property among all his creditors is favored in law, and being equitable in its character will receive, so far as may be, the favorable consideration of the court. There is no error in our former ruling, and the judgment heretofore rendered is affirmed.

JUDGMENT ACCORDINGLY.