PHILIP C. MOREHEAD, SHERIFF, PLAINTIFF IN ERROR, v. LE GRAND B. ADAMS, ASSIGNEE, DEFENDANT IN ERROR.

1. **Bill of Exceptions.** Where an order of the district court extended the time forty days from the adjournment of the court in which to "present" a bill of exceptions, *Held*, To mean the time within which to prepare the bill and present the same to the adverse party or his attorney.

2. ———: CONSTRUCTION OF STATUTE. The statute relating to bills of exceptions being remedial in its nature will be liberally construed.

3. ———: PAPERS in a bill of exceptions marked by the initials of the judge, written by himself, will not be stricken out of the bill as not being identified.

4. **Assignment for Creditors.** A creditor under the assignment law of 1877 is not precluded from suing the debtor and recovering judgment upon his claim, but the assigned property will

not be liable for the satisfaction of the judgment unless he can have the assignment set aside as being fraudulent against creditors.

5. ————: INSOLVENT FIRM. Where a firm is insolvent the partners cannot by a sale to one partner of their interest, three days before an assignment for the benefit of creditors is made, divest the property of its partnership character so as to defraud partnership creditors.

6. Instruction to Jury. An instruction that "you will assess to the plaintiff such damages as from all the evidence in this case you shall find he has sustained by reason of the illegal taking and detention of the personal property," is vague, and liable to mislead the jury. *Wasson v. Palmer*, 13 Neb., 376.

ERROR to the district court for Nuckolls county. Tried below before MORRIS, J.

*Groff & Montgomery* and *Kaley Bros.*, for plaintiff in error.

*Case & McNeny*, for defendant in error.

MAXWELL, J.

The defendant in error has filed a motion to quash the bill of exceptions herein, " because the same was not presented within forty days from the adjournment of the court below, in accordance with the leave granted by said court."

The order of the court fixing the time in which to prepare the bill is as follows: "Defendant has leave to present his bill of exceptions in forty days from the adjournment of this court." The point made by the defendant is, that the word " present" used in the order means to present to the judge for his signature, and does not mean to prepare the bill. Without entering into a discussion of the meaning of the words prepare and present, it is apparent that the intention of the court was to grant forty days from the adjournment of the court in which to prepare the bill and

present or submit it to the adverse party for correction or amendment. It is not the policy of the law to place a narrow, technical construction upon a statute which provides the procedure to obtain a bill of exceptions. The statute is remedial in its nature, and should receive such a construction as will give effect to its provisions; and the court will, if possible, save the rights of the parties by sustaining the bill. Code, § 311. The motion must therefore be overruled.

2. The defendant's attorneys also move to strike out of the bill of exceptions certain papers relating to attachment proceedings, in which Reed, Jones & Co. were plaintiffs and the Beal Brothers defendants, and also where D. M. Steele & Co. were plaintiffs and Beal Brothers defendants, for the reason that "the same are not identified in or authenticated by, or in any manner made a part of, the bill of exceptions herein." It is also alleged that an "affidavit was not submitted to the attorneys of defendant in error within forty days from the adjournment *sine die* of the court." It appears from the certificate of the judge that the papers in question were offered in evidence, and they are identified by the initials of the judge written by himself on the margin. The papers are sufficiently identified, therefore, and will not be stricken out of the bill. The affidavit of the attorneys of the defendant in error accompanying the motion fails to allege that the affidavit for an attachment to which objections are made was not offered in evidence. So far as appears, the bill as signed is absolutely correct, and such is the presumption.

The question to what extent a judge, before signing a bill of exceptions containing the evidence, where it has been previously agreed upon by the respective attorneys, may add to the same, is not presented in this case. The motion to strike out is overruled.

3. It appears from the record that on October 6th, 1882, Asher Beal and Harlan Beal were partners doing a general mercantile business at Superior, in Nuckolls county;

that on that day Harlan Beal sold his interest in the firm to his brother Asher for the sum of about $1,000, $40 in cash, and a note for $960, Asher to assume the firm debts; that at the time of this sale the firm of Beal Brothers was insolvent, and on the ninth day of that month Asher Beal made an assignment to the defendant for the benefit of his creditors. The assignee accepted the trust and complied with the requirements of the statute in regard to filing an inventory, etc., and seems to have been disposing of the goods at private sale. On December 18th, 1882, and on January 10th, 1883, Reed, Jones & Co. and D. M. Steele & Co., creditors of Beal Brothers, commenced actions by attachment in the district court of Nuckolls county against Beal Brothers, and levied upon a part of the goods in the hands of the assignee. Motions were afterwards filed to dissolve the attachment, which were overruled; and in October, 1883, Reed, Jones & Co. recovered judgment for the sum of $729.17, and costs, and D. M. Steele & Co. for $969.69, and costs, and an order to sell the attached property was made in each case. A sale of the attached property being about to take place, the assignee brought this action, and the goods were taken on an order of replevin. On the trial of the cause the jury returned a verdict in favor of the assignee for $750, upon which judgment was rendered.

The case was tried upon the theory that the goods in question being in the hands of an assignee were in *custodia legis*, and therefore not subject to attachment. This would be true if the assignment was valid; but in this case the defendant below set up in his answer, and sought to prove, that the assignment was fraudulent, and intended to defraud the creditors of the firm, and that Harlan Beal was one of the creditors to be paid out of the proceeds. This was stricken out of the answer, and proof thereof excluded. This, we think, was error. Where a firm is insolvent the partnership property will be applied to the payment of the partnership debts, and an individual cred-

itor of a member of the firm cannot be paid out of the partnership funds to the exclusion of creditors of the firm. *Caldwell v. Bloomington Mfg. Co.*, 17 Neb., 489. *Roop v. Herron*, 15 Id., 73. See cases cited in note to *Auley v. Ostermann*, 25 N.W. Rep., 662. And any scheme that would place the firm property out of the reach of such creditors, and apply it to the use of members of the firm, would be fraudulent as to such creditors. A judgment or award, if obtained by fraud, may be set aside, and held for nought; and an assignment, the object of which is not to apply the assigned property to the proper use, is open to the same objection. In other words, if the object of the assignment was to deprive the creditors of the firm of the proceeds of the partnership property, and bestow the same upon creditors of an individual partner, one of whom—and the most important apparently—was the retiring partner, and the property was being thus appropriated, the right of the partnership creditors to attach, under our former assignment law, is undoubted. The question of fraudulent intent, under our statute, is one of fact, to be determined by the jury on proper instructions by the court. Where, therefore, the validity of the assignment itself is put in issue by the pleadings and proof, it is the duty of the court to submit that question to the jury.

In *Lininger v. Raymond*, 12 Neb., 170, it is said: "When, instead of distributing his property among his creditors as far as it will go, the assignor places it beyond their reach by an assignment, for the purpose of preserving it for his own use or that of a friend, courts do not hesitate to declare such assignment void, because, under the pretext of an assignment, the debtor has concealed or prevented the application of his property to the payment of his debts. But where the debtor parts with all control of his property, and devotes it absolutely to the payment of his debts, without reservation, the advantage to creditors is clear and direct, and although there may

be delay in the payment of the debts, still the assignment is not fraudulent and will not be declared void." And an assignment which provides for an equitable distribution of the proceeds of the debtor's property among his creditors will be sustained, unless good cause exists for setting it aside.

4. The court instructed the jury as follows: "In this case you will find for the plaintiff, and you will assess to the plaintiff such damages as from all the evidence in this case you shall find he has sustained by reason of the illegal taking and detention of the personal property in this action."

The testimony tends to show that the goods in question had been held under the orders of attachment heretofore mentioned, for about nine months, when a sale of the attached property being about to take place under the orders of the court, the assignee brought this action to obtain possession of the goods. Without considering the unexplained delay in bringing the action, the instruction furnishes no guide to the jury to enable them to estimate the damages properly. It is similar in this regard to that in *Wasson v. Palmer*, 13 Neb., 378, which was held to be erroneous. The sole purpose of an instruction upon the question of damages is to furnish the jury a rule by which to estimate the same, otherwise they would be left entirely to their own guidance, and an erroneous verdict would almost invariably be the result.

In conclusion, it is evident that there are many facts and circumstances connected with this case that were not investigated on the former trial that should be fully examined on the next. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.