(Superior Court of Cincinnati.)
General Term.

W. F. ROBERTSON v. THE CONSOLIDATED BOAT STORE COMPANY, A CORPORATION ETC., et al.

1. When a referee is ordered "to take the testimony," and "to report said testimony," and certifies that his report contains "testimony taken before" him, and that his conclusions are based upon the "said evidence," there arises a necessary implication that the testimony reported is all of the testimony taken.

2. When documents and books purporting to be exhibits, although neither actually attached to the bill of exceptions, nor in express language made a part of the bill, are all marked as exhibits, appropriately and consecutively lettered or numbered; are identified by the name of the referee; bear the file-mark of the clerk and the proper case numeral, and each is referred to in the testimony by its number or letter, as an exhibit, marked by the referree and offered in evidence, they are sufficiently referred to, to enable this court to identify them.

3. When a referee is appointed with instructions to report by a day certain, but fails to do so, and takes testimony, hears arguments, makes his findings, passes on motions, signs bills of exceptions, and files his report, all after the time fixed, a party in interest cannot be permitted to complain of the findings if he has participated in the proceedings without specific objection to the referee's want of power.

---

HOLLISTER, J., Jackson and Smith, JJ., concurring.

The original action was brought to recover unpaid subscriptions to the capital stock of The O'Neal & Price Company, a corporation of Ohio, and to assess stockholders under the double liability provisions of our constitution and laws. A referee was appointed who found, among other things, that Thomas P. Egan was a subscriber for 100 shares of the capital stock, and had, in good faith, by the transfer of certain property to the corporation, paid for his stock in full.

This finding was affirmed at Special Term, and W. F. Robertson, the plaintiff in error, seeks a reversal of the order confirming the referee's report on the ground that the finding was contrary to the weight of the evidence.

The defendants in error, claim that the bill of exceptions taken to the findings of the referee does not show that it contains all of the evidence adduced before him, or that all preliminary steps were taken which necessarily precede a reviewing of the case upon the evidence. Therefore it is said, the court below could not consider the question whether any of the referee's conclusions of fact was contrary to the weight of the evidence or not, and hence this court is precluded from inquiring into that issue.

The referee's report shows that Mr. Robertson filed a motion for a new trial within proper time; that one of the grounds relied on was, that the findings of fact and conclusions of law were against the weight of the evidence; that the motion was overruled and exceptions were duly taken. The indispensable pre-requisites to the signing of a bill of exceptions having been complied with (Ide v. Churchill, 14 Ohio St., 372, 378), it must be determined whether or not the bill is sufficient. The reviewing court is bound to assume, in the absence of a bill of exceptions, that the court below had sufficient evidence to justify its conclusion, if, of course, any state of the evidence consistent with the pleadings, would justify the conclusion reached.

Kitchen v. Loudenback, 48 Ohio St., 177, 190; Ide v. Churchill, 14 Ohio St., 372; Bailey v.. Smith, Id., 396; Dickey v. Beatty, Id., 389.

This presumption is conclusive unless it clearly appears to the reviewing court, having before it a bill of exceptions containing all of the evidence, that the finding of the court below was contrary to the weight of the evidence. Says Judge Ranney, in Ide v. Churchill, supra, at page 378:

"As nothing but the record can be regarded, it is a matter of course that the bill of exceptions must show upon its face, either expressly or by necessary implication, that it contains the whole evidence."

It is conceded that the bill of exceptions here does not affirmatively state that it contains all of the evidence; but it is claimed that the implication to be necessarily drawn from it is that it does.

The referee was ordered "to take testimony, enforce the attendance of witnesses, the production of books and papers * * * and to report said testimony."

The report, after setting forth the title of the case, begins:

"Testimony taken before Wm. H. Jones, referee,' and it is certified at page 1486, of the record, as follows:

"And having considered the evidence aforesaid, I announced my report, and the findings in the premises * * * which said report and findings are filed herewith."

Our conclusion on this part of the case is, that when it appears, as it does here, that a referee is ordered "to take the testimony and "to report said testimony and certifies that his report contains "testimony taken before" him, and that his conclusions are based upon the "said evidence, there arises a necessary implication or presumption that the testimony reported is all of the testimony taken, and we so hold.

But, it is urged, the exhibits introduced in evidence before the referee are neither actually attached to nor made a part of the bill of exceptions, and hence, under the authorities, cannot be considered by the reviewing court.

Some of the exhibits are the large business books of the corporation, which could be attached to the bill only with much difficulty, if they could be attached at all; and none of the exhibits are, in express language, made a part of the bill of exceptions. They are all marked as exhibits, appropriately and consecutively lettered or numbered, and are identified by the name of the referee. They all bear the file-mark·of the clerk of the court, and upon each is found the proper case numeral, both of the special and of the general term.

The testimony refers to each by its number or letter as an exhibit marked by the referee and offered in evidence. There is, there can be no doubt, but that the exhibits before us are the exhibits offered in evidence before the referee. We are satisfied, therefore, that they are sufficiently identified to meet the requirements of the law.

Hicks v. Person, 19 Ohio, 426; Wells v. Martin, 1 Ohio St., 386, 388; Busby v. Finn, Id., 409, 411; Cooch v. Irwin, 7 Ohio St., 23, 29; Armleder v. Lieberman, 33 Ohio St., 77, 84; Tanner v. Brown, 2 Am. L. R., 514; Kerr v. Burns, 12, Bull., 68; Miller v. Railroad Co., 70 Iowa, 302; Morehead v. Adams, 18 Neb., 569.

In Baker v. Scovil, 2 Superior Ct. R., 37, a case decided at the General Term of this court, Judge Alphonzo Taft delivering the opinion, it appeared, on mo-

tion to exclude exhibits because they were not attached to the bill of exceptions, that a great number of papers were referred to as marked and numbered. They were all exhibits accompanying the report of the master, and were before the court at special term, as a part of the master's report. It was held that under the act establishing the Superior Court which provides that a "petition in error shall be heard upon the original files, pleadings and proceedings, these exhibits are as proper for our consideration in General Term, as they were at the first hearing at Special term.

But without this special reason, the court were inclined to the opinion that the greater part, if not all, of these documents accompanying the master's report, were sufficiently referred to to enable the court to identify them with sufficient certainty.

Says Judge Taft, "These documents are each described and marked by the master, and the contents are so described as to leave us in no reasonable doubt of the identity of the document intended; and no imposition could be practiced." We think the true rule is found in that case, and after consideration of the other cases in Ohio, are satisfied that the same rule may fairly be deduced from them."

Having then, all of the evidence before us, we proceed to its consideration to determine whether or not the finding complained of is against its weight.

It appears that Mr. Egan and Mr. O'Neal purchased the assets of the partnership of O'Neal, Price & Co., for $6,000, which, through adjustment between them, was contributed in equal shares. It does not appear that the good-will was regarded as valuable, and the testimony fairly shows that the sum raid was about the value of the assets.

Messrs. Egan and O'Neal proceeded then to form a corporation, The O'Neal & Price Company, with a capital stock of $25,000 divided into 250 shares, of which they subscribed 100 shares each. They transferred to the corporation the assets of the partnership and received certificates for their shares.

J. W. Griswold was the book-keeper of the partnership, took three shares of stock and became the secretary of the corporation. It was his duty to keep the books. The stock-ledger, while not kept in the manner ordinarily adopted, yet shows that Mr. Egan and Mr. O'Neal were each credited with $3,000 on the $10,000 subscribed by each of them. Mr. Griswold died before the referee heard the testimony, but there is no doubt but that the entries are in his handwrting.

The day book kept by Mr. Griswold, shows this entry of date June, 1886; "Thos. P. Egan, to stock acc. This

being the amount paid for 100 shares at $30.00—$3,000."

And an entry of like purport is made with reference to Mr. O'Neal. Again, the minutes of the annual meeting of February 20, 1886, show that there was produced the yearly statement dated January 1, 1886, from which it appears in Mr. Griswold's hand-writing, he also acting as secretary of the meeting, that one of the liabilities of the concern was $3,000, paid in by Mr. Egan, and that all of the stockholders were present at the meeting. We are not unmindful of the rule often reiterated in this court that a judgment will not be set aside for being against the weight of the evidence unless it is clearly so. But in this case we are not troubled by the doubts which sometimes arise from the conflict in the evidence of witnesses equally worthy of belief, for here a satisfactory conclusion may be reached upon documents filed as exhibits in the case. Much of the evidence is found in written records made in the proper and usual course of business, by a person whose duty it was to make them, who had no motive to do otherwise than record the facts, and who is now dead. To overcome the strong probability of the truth of such evidence, oral testimony must be of overwhelming force. The oral testimony attacking the correctness of these writings, while entitled to great consideration, does not meet this measure, and we are bound to find, under the rules for weighing evidence, that Mr. Egan was indebted to the corporation in the sum of $7,000 balance of subscription to $10,000 of its stock. The finding, therefore, of the referee, affirmed by the court below, that the stock was full paid, was contrary to the weight of the evidence.

This case has been heard by us twice. When it was first submitted it was decided (4 N. P., 227), solely on the technical ground that as the time within which the referee was ordered to report had elapsed, he had no power to perform judicial functions after that time, and that a party in interest was not estopped from denying the validity of the proceedings by reason of his having participated in them without proper objection.

Our conclusion was largely based on a decision by Judge Brewer, now Mr. Justice Brewer, and on decisions of courts of high respectability; but the point was not touched upon in the argument of the case, nor did counsel for defendants in error refer to it in their briefs. At their request we have re-heard the case, and, on a consideration of Averhill Coal & Oil Co. v. Verner, 22 Ohio St., 372, and Kelley v. State, 25 Ohio St., 567, are of opinion that whatever the rule may be elsewhere, the Supreme Court would probably hold, if the ques-

tion came before them, that when a referee is appointed with instructions to report by a day certain, but fails to do so, and takes testimony, hears arguments, makes his findings, passes on motions, signs bills of exceptions and files his report, all after the time fixed, a party in interest cannot be permitted to complain if he has participated in the proceedings without specific objection to the referee's want of power. Mr. Robertson, therefore, having submitted his cause to the referee without such objection, will not now be heard to complain that the referee had no power to hear the cause, and we modify our former opinion to this extent.

The judgment is reversed and the cause remanded for further proceedings.

Province M. Pogue, for Robertson.

John C. Healy and Otto Pfleger, for Egan.