### In re FEDERAL LIFE INS. CO.

(Circuit Court of Appeals, Seventh Circuit.   March 11, 1918.)

No. 2567.

1. EXCEPTIONS, BILL OF ⊛41(2)—PRESENTATION.

Where defendant's counsel, who prepared a bill of exceptions, took it to the court's chambers after plaintiff's counsel had made objection to the insertion of a typewritten copy of the insurance policy involved, and the court, in the presence of opposing counsel, observed the necessity of inserting a photographic copy, the bill, in view of the informality of such proceedings, must be deemed to have been presented at that time.

2. EXCEPTIONS, BILL OF ⊛41(2)—DILIGENCE IN PRESENTATION.

Defendant's counsel, having presented a bill of exceptions during the term, *held*, under the circumstances, not to have been guilty of neglect, though the bill of exceptions, as changed, was not again presented during such term, because of the intervening summer recess and inability of defendant's counsel to serve same on counsel for plaintiff.

3. EXCEPTIONS, BILL OF ⊛53(3)—SETTLEMENT—SIGNING—MANDAMUS.

Where the bill of exceptions was presented during the term, and no unjustifiable delay on the part of the moving party appeared, and the only objection to settlement was that the bill was not timely presented, the moving party is entitled to a writ of mandamus directing the signing of the bill.

Application to the District Court of the United States for the District of Indiana.

Application by the Federal Life Insurance Company for an alternative writ of mandamus to compel the settlement of a bill of exceptions.   Writ directed to be issued.

The real controversy herein arises over the inability of counsel to agree upon what constitutes a presentation to the court of the bill of exceptions. The action was tried in the lower court in May, 1917, and resulted in judgment for defendant in error, herein called plaintiff.   On June 29th defendant presented its proposed bill of exceptions to opposing counsel, and on June 30th called to get it, that the same might be presented to the judge, who was shortly thereafter to take his summer vacation.   On this day plaintiff's

counsel objected to the bill as proposed, because a typewritten copy of the insurance policy appeared therein, whereas a photographic copy was desired. Defendant's counsel took the proposed bill to the court's chambers, to which place plaintiff's counsel was called and shortly thereafter appeared. There were present the judge and the opposing attorneys. The writ of error was allowed, the bond fixed and approved, and the bill of exceptions was discussed. These facts are not disputed. The difference between the parties as to just what took place centers around this discussion. Accepting the view most favorable to plaintiff, it appears that the court was advised as to plaintiff's demand that a photographic copy be inserted, and expressed the opinion that such a copy be inserted in place of the typewritten copy.

The bill of exceptions was then in the possession of defendant's counsel, but it is claimed such bill was not shown to the court, nor was the judge asked to sign it, nor were there any words spoken indicating that counsel was formally demanding of the judge that he sign the bill. In fact, the judge did not know that the proposed bill of exceptions was physically present and then in the possession of the defendant's counsel. In accordance with the court's direction, defendant secured a photographic copy of the insurance policy, inserted it, and delivered it to the clerk of the court, to assist that official in preparing the record. The clerk completed the transcript shortly before September 1st, and on that day defendant's counsel endeavored to serve it upon plaintiff's attorney. Several attempts were thus made to give the opposing counsel the transcript, but not until October 16th was the copy left in the office of plaintiff's attorney. On October 18th the matter was discussed by opposing counsel, and an additional objection was made to the appearance of exceptions to adverse rulings on admission of evidence. The controversy in reference to these exceptions arose through defendant's counsel's assumption that exceptions of this character, when proper objections had been made, followed as a matter of course, and it was further claimed that an understanding had been reached in this case at the opening of the trial, whereby the requirement of formal exceptions to the rulings on evidence was waived. The local attorney who had charge of the settlement of the bill of exceptions wrote the trial lawyer at St. Louis concerning this objection. Defendant's counsel at St. Louis was out of the city, and required to attend the United States Supreme Court, and was unable to take up the matter with the judge at once, but asked local counsel to ascertain if the court recalled the understanding as to noting exceptions. No such understanding was recalled by the judge, and he refused to allow such exceptions, unless formally made. Counsel at St. Louis was immediately notified, and he sought the possession of the bill of exceptions to correct it; but the clerk would not allow it to be taken from his office. On November 16th defendant's local attorney, as well as the counsel from St. Louis, appeared in Indianapolis to take up the matter with the trial judge and opposing counsel, but found the court busy and the opposing counsel about to leave the city.

The exceptions to rulings on evidence were stricken out, and on a later date, agreeable to parties, the bill was presented to the court. After several hearings, upon one of which oral testimony was taken, the judge refused to sign the bill of exceptions for the reason that the same had not been presented during the term of court at which the action was tried, and which term expired November 5, 1917. No objection to the bill as presented is made, excepting that it was not seasonably presented to the court for settlement and allowance. The bill was duly filed with the clerk October 18th.

Mr. Sullivan, for petitioner.

Frank Dailey, of Bluffton, Ind., for respondent.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). Was the bill of exceptions presented to the court on June 30th? If so, was the defendant guilty of neglect after that date in failing to get

its bill settled before November 5th? The answers to these two questions dispose of the petition before us.

[1] That there are authorities holding such transaction as occurred in the judge's chambers on June 30th was not a presentation of the bill of exceptions must be conceded. They are not, however, persuasive, and seem to emphasize form rather than substance. The settlement of a bill of exceptions ordinarily involves much informality. Wherever a dispute arises, the court and opposing attorneys generally indulge in informal discussion, in order that all may accurately recall the occurrences on the trial. Usually no stenographer attends such a hearing, and no record of the proceedings is preserved. None is required.

In this case it is inconceivable that plaintiff's counsel could have failed to understand the purpose for which he was called to the judge's chambers on June 30th. There was no dispute between the parties as to the allowance of the writ of error, nor of the amount of bond, nor the responsibility of the surety. Plaintiff's counsel called on the defendant's counsel on the 29th to submit the proposed bill of exceptions, and on June 30th to secure it for the sole and only purpose of having it settled. No objection to the proposed bill as presented was made, other than the one indicated. The discussion between the attorneys and the observation of the court as to the necessity of supplying a photographic copy in place of the typewritten copy of the insurance policy is explainable upon no other theory than that the attorneys were discussing the settlement of the bill of exceptions. The observation of the court, though informal, was in substance a ruling upon the sufficiency of the bill of exceptions that contained the typewritten copy. Such a ruling, made in reference to the settlement of a bill under such circumstances, presupposes a presentation by the moving party. We do not think it at all necessary that the paper be formally and physically presented to the court, nor a formal written motion made asking the court to sign and settle the same.

Where counsel on both sides understand what the bill of exceptions contains, and there is a single objection made, no dispute between counsel as to the facts occurring, and the court is advised as to the claims of opposing counsel and rules that a photographic copy of an exhibit be supplied in place of a typewritten copy, we conclude that there has been a presentation. Morehead v. Adams, 18 Neb. 569, 26 N. W. 242.

[2] After June 30th we do not believe the defendant was guilty of any want of diligence. The summer recess occurred shortly after this presentation, and it appears that attorneys as well as the judge took a vacation. True, there was ample time after the judge returned, and before November 5th, in which the bill might have been again presented; but the record shows several attempts to present the proposed bill, with the photographic copy of the policy inserted, to plaintiff's attorneys. When the objection to the appearance of exceptions to rulings on evidence was made (October 18th), a new question arose, which required correspondence with the attorney at St. Louis. Such delay as occurred after October 18th was occasioned by this objection. We conclude defendant was not guilty of neglect.

[3] The bill having been presented during the term, and no subsequent unjustifiable delay on the part of the moving party appearing, and there being no objection to the settlement of the bill of exceptions, save that it was not timely presented, petitioner is entitled to the writ directing the signing of a bill of exceptions. Chateaugay Iron Co., Petitioner, 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508; Hollon Parker, Petitioner, 131 U. S. 221, 9 Sup. Ct. 708, 33 L. Ed. 123.

We do not anticipate that there will be any occasion for the actual issue of a writ of peremptory mandamus; but, should it become necessary to do so in order to secure the rights of the petitioner, his counsel may move for the writ at any time.

The present order will be: Petitioner entitled to writ of mandamus to the District Judge to sign the bill of exceptions tendered by petitioner, and as of the 30th day of June, A. D. 1917.