JOSEPH M. KOEHLER, Appellant, *v.* SOLOMON ADLER, Administrator, etc., Respondent.

(Argued January 24, 1883; decided February 6, 1883.)

THIS action was brought to recover an alleged loan. It is reported upon a former appeal in 78 N. Y. 287. The evidence was substantially the same as on the former trial, and the court held as on the former appeal that a question of fact was presented for the jury.

Plaintiff claimed that the loan was made by a check given by him to defendant's intestate. The defense claimed that

the check was in fact given in the business of the Stonewall Oil Company, of which corporation the decedent was president and plaintiff the treasurer, the latter keeping no separate bank account of the moneys of the corporation, but depositing them in his own name, and drawing his individual checks when payments were made on corporate contracts or liabilities.

The plaintiff offered himself as a witness on the trial, and was asked by his counsel whether the check in question had any thing to do with the affairs of the Stonewall Oil Company. This was objected to on the ground that it called for a personal transaction with the decedent, and was incompetent under section 829 of the Code. The objection was sustained, and it was claimed that the ruling of the court in excluding the evidence was erroneous.

The court here say : " We are of opinion that this point is not tenable. The check on its face imported a personal transaction between the plaintiff and the intestate. The point in issue was whether it related to an individual transaction of Koehler's, or to a transaction by him as treasurer of the Stonewall Oil Company. The giving of the check was consistent with either theory, and when the witness was asked whether it had any thing to do with the affairs of the Stonewall Oil Company, he was called upon by his answer to characterize the transaction either as an individual or a corporate one. The answer to the question would necessarily show what the transaction was, and the plain purpose of the inquiry was to negative the possible inference from the circumstances that the check was given by the plaintiff as treasurer of the oil company. It is not the test of the admissibility of the evidence that an answer in the affirmative would have been adverse to the interest of the plaintiff, but whether proof of the fact to which the inquiry related would involve a disclosure of the nature of the transaction at the time the check was given.

The case of *Pinney* v. *Orth* (88 N. Y. 451) does not determine the question before us. In that case a witness for the plaintiff's intestate had testified to a conversation between the intestate and the defendant, in his presence, and it was held that it was competent to prove by the defendant that he never

had a conversation with the deceased at the place stated by the witness, when the witness was present. This was not an attempt to prove what occurred at the conversation spoken of, and while it might, by discrediting the testimony of the witness, justify the inference that the conversation related by him never was had, it was held that this fact did not render the testimony improper. In this case it is conceded that there was a personal transaction between the plaintiff and the intestate, and the fact offered to be shown by the plaintiff was inseparable from the transaction itself, and whichever way he might have answered it, the direct effect would have been to disclose the character of that transaction. We think that the general denial in the answer authorized the defendant to show the facts in respect to the transaction with the Stonewall Oil Company. It tended to disprove the allegation of a personal loan by the plaintiff, and to show that when the suit was brought there was no subsisting cause of action. (*Young* v. *Rummell*, 2 Hill, 478.)"

*William Henry Arnoux* for appellant.

*Samuel Boardman* for respondent.

ANDREWS, J., reads for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.