Hyatt, J.
This suit was brought to recover upon an extra note given, to adopt the view assumed by the respondent, as an inducement to sign a composition agreement. The court below decided that no recovery could be had thereon.
It will not be disputed that notes given as a condition to signing a composition deed in fraud of other creditors, are void.
It appears from the judgment record that this action was commenced by Walter J. I. Wheeler before his death; that the defendants, Joseph Kuntz and Louis J. Kuntz as part- • ners, made their promissory note on May 18, 1881, whereby they promised to pay, thirty days after date, to the order of Michael Kuntz, the sum of $1,000, and duly delivered said note before its maturity, to said Michael Kuntz, and that he, afterward, and before its maturity, endorsed said note and delivered it to Wheeler for value; and that when the note came due, payment was demanded, but it was not paid.
The defense was interposed that Wheeler, in fraud of the other creditors of said J. and L. F. Kuntz, and as a condition of signing a composition deed, _ extorted from the defendants an extra payment of the said claim, contrary to the terms of the said deed, and that the endorsement of Michael Kuntz was forced and exacted from him; that the said note was wholly void and invalid for the fraud alleged and for want of any consideration.
The answer admitted all the allegations of the complaint; the defendants had the affirmative; they introduced in evidence the note in suit and the assignment of J. & L. F Kuntz *497 to Michael Kuntz; they called the defendant Joseph Kuntz •as their first and only witness.
We find that the exceptions taken to the testimony of the defendant Kuntz, are material and valid. The defendant, Kuntz was asked if, at the time of making the said assignment and subsequently down to May, 1881, Mr. Wheeler was a creditor of the said firm. This question involved a personal transaction with Mr. Wheeler; it was incompetent to be thus proven on account of his death. The objection taken was proper, and the court erred in overruling it, to which exception was duly taken.
On the trial of the action it was conceded that Wheeler was dead, and the testimony under exception was concerning personal transactions between the defendant witness and the deceased. It was also an attempt to prove that a debt did or did not exist between the defendants J. & L. F. Kuntz and the deceased, such proof was not competent or admissible. It was in violation of the provisions of section 829 of the Code of Civil Procedure. Chadwick v. Fonner, 69 N. Y., 404; Code of Civil Procedure, section 829; Koehler v. Adler, 91 N. Y., 657.
It appears from the record that this class of evidence was received and admitted throughout the progress of the trial; such evidence was wholly incompetent and inadmissible, and it was not necessary to renew the objection and exception each time after the objection had once been properly made.
It was error of the court to receive such testimony, Hobart v. Hobart, 62 N. Y., 83; Schoonmaker v. Wolford, 20 Hun, 166.
The objections which gave rise to the exceptions under consideration were made to questions to a defendant which related to personal communications and personal transactions between him and the plaintff’s intestate. The questions objected to were inadmissible, and the defendant was an incompetent witness to testify on the subject inquired of. He was a party to the action and directly interested in the event of it. Doughty v. Doughty et al., 25 Wek. Dig., 79; Holcomb v. Holcomb, 95 N. Y., 316.
The rule is well settled that when a proper objection and exception is once taken to either the competency of the witness or to the character or admissibility of the evidence, the objection and exception need not be repeated to subsequent questions of the character covered by a former objection and exception.
The evidence admitted upon the trial and excepted .to, was incompetent and illegal; it follows therefore, that the judgment should be reversed and a new trial granted, with, costs to the appellant to abide the event.
McAdam, G. J., concurs.