JOHN S. VAN VECHTEN AND OTHERS, APPELLANTS, *v.* TEUNIS VAN VECHTEN, RESPONDENT.

65h    215¹
e 79 AD⁸315

*Evidence — a mutilated letter — personal transactions with a deceased person — evidence by inference is forbidden — declarations in one's favor — damaging admissions by one of several parties not united in interest — Code of Civil Procedure, sec* 829.

Upon the trial of an action the plaintiffs sought to introduce in evidence a letter which had been mutilated (the first part of it having been destroyed), written to one of them by the defendant; the plaintiffs asked the defendant, as a witness, to examine the letter, and offered to allow him to state whether the missing portion was in any way connected with the point at issue. This he refused to do. The plaintiffs also offered to show that the missing portion had no such relation. The referee held that this evidence was incompetent, and refused to receive the letter in evidence, although its contents related to a material issue in the case.
*Held,* that it was error to exclude it.

The action was brought by the widow and certain heirs-at-law of one John Van Vechten, and by Catharine Briggs, a creditor, to have it declared that the defendant Teunis Van Vechten held the premises in question in trust for them. It appeared upon the trial that John Van Vechten and wife had conveyed the premises to Catharine Briggs, who with her husband had conveyed them to Teunis Van Vechten, who was also administrator of John Van Vechten and had set up a counter-claim in this action; that Teunis had written to John Van Vechten relative to the land, letters which Teunis offered in evidence, stating that he, as administrator, had found them in John Van Vechten's trunk.
*Held,* that the admission of the letters was improper.
That they constituted a "transaction," and a "communication" between the deceased person and the witness, who claimed under him, and whose claims against the deceased person were the subject of litigation, and that the letters were, therefore, incompetent under section 829 of the Code of Civil Procedure.
Teunis Van Vechten alleged that John Van Vechten and wife conveyed the premises to Catharine Briggs for his use, and to pay a promissory note of $2,400, dated in 1866, given by John to him, that the deed to Catharine Briggs was delivered to him, and that the reason why the conveyance was not made directly to him was because there was a judgment against him.

Upon the trial he produced this note, with an indorsement upon it made by him, stating that the note was settled by the conveyance by John and wife to Catharine Briggs; and upon the trial he was allowed to testify that he made the indorsement before the deed was delivered to him, and that afterwards, and about September 3, 1867, was the last time that he saw it before John's death, in 1869, and that after his death he found it in his trunk.

*Held,* that the evidence was inadmissible under section 829 of the Code of Civil Procedure.

That it tended to show by inference that the note was thus indorsed, and was surrendered to John in that condition.

That a fact which a witness will not be allowed to prove directly cannot be established inferentially by his testimony.

That the indorsement was inadmissible, being a declaration by Teunis in his own behalf.

That all the testimony was inadmissible as constituting a personal transaction between the defendant and the deceased.

It appeared that while the action was pending Catharine Briggs, who claimed as a creditor, secured by mortgage, wrote letters to the defendant, which were prejudicial to the plaintiffs' case, and indicated a change in her attitude towards the defendant.

*Held,* that the letters were admissible only against her; that the plaintiffs were not so united in interest as to make her declarations competent against the other plaintiffs.

APPEAL by the plaintiffs, John S. Van Vechten, Mary A. Alvord and Nellie T. Van Vechten (now Nellie T. Munger), from a judgment of the Supreme Court, entered in the office of the clerk of the county of Clinton on the 24th day of June, 1890, dismissing the complaint upon the merits after a trial before a referee.

This action was brought in 1883 by John S. Van Vechten, Catharine Briggs, Mary A. Alvord and Nellie T. Van Vechten against Teunis Van Vechten. John S. Van Vechten and Nellie T. Van Vechten were the only children of John Van Vechten, who died in 1869. Mary A. Alvord, who had married again, was his widow. Catharine Briggs was his sister and Teunis Van Vechten was his brother. Catharine Briggs had married James A. Briggs. The premises in question were Great Lot No. 37, in Township No. 6, Old Military Tract, Clinton Co. (excepting subdivisions 1, 3 and 4).

The complaint, in substance, alleged that in 1867 John Van Vechten conveyed certain premises, known as lot No. 37, in the town of Clinton, to Catharine Briggs by a deed absolute in form, but, in fact, as a security to her for the payment of a promissory note for $1,000, made by John Van Vechten to the order of Teunis

Van Vechten, the defendant, and transferred by the latter to Catharine Briggs for value, upon an express agreement that when the note was paid Catharine Briggs should reconvey to John Van Vechten; that Teunis Van Vechten had full knowledge of this agreement; that in 1874 Catharine Briggs conveyed the premises to Teunis Van Vechten by a deed absolute in form, but, in fact, in trust to manage the property for Catharine Briggs, to account for its profits and apply them to the payment of her note, and upon its payment to reconvey the premises to the heirs of John Van Vechten; that the defendant went into possession and has received large sums of money from the sale of a portion of said land and the timber thereon, but has never paid Catharine Briggs anything, except the sum of $200 in 1880; that he remains in possession and refuses to make any further payment to her or to reconvey to the heirs of John Van Vechten. A sale of the premises was demanded and from its proceeds it was asked that there be paid, first, the note of Catharine Briggs; second, the dower of the widow of John Van Vechten, and that the children of John Van Vechten receive the balance. The answer denied all the allegations relative to the understanding with which it was alleged in the complaint that the conveyance was made from John Van Vechten to Catharine Briggs, and also as to the defendant's knowledge when the conveyance was made from her and her husband to the defendant, and alleged that the conveyance was absolute, in fact, as well as in form, and the defendant denied that he had paid her $200 or any sum upon any agreement with her relative to the land. The answer also set up a counter-claim against John Van Vechten upon an open account for $4,500, and in addition upon the following promissory note :

" $2,400. " CHATEAUGAY, *December* 8, 1866.

" One day after date I promise to pay to the order of Teunis Van Vechten twenty-four hundred dollars. Value received at . . . . . . . .

" JOHN VAN VECHTEN."

The answer further proceeded as follows :

That at the time of the making of said conveyance to said Catharine Briggs said John Van Vechten was desirous of paying to this defendant the amount of his indebtedness to him, and offered to

convey to defendant his interest in the lands mentioned and described in said complaint, of which he was the owner in fee of five-sevenths only, for that purpose, so far as the value of said lands, at that time, would extend towards the payment of said indebtedness ; that defendant for personal reasons requested said John Van Vechten to convey said lands to the plaintiff, Catharine Briggs, to whom he did convey the same in trust for him, this defendant, and for no other purpose or purposes whatever ; that the consideration stated and set forth in said conveyance was $2,400, the amount of the face of said promissory note, although the real consideration was a much larger sum of money, to wit, about four thousand five hundred dollars besides ; and the promissory note of $1,000, claimed by the plaintiffs herein to belong to said plaintiff, Catharine Briggs, as her property, said John Van Vechten agreed to and with this defendant to pay to him by a deed of conveyance from him, said John Van Vechten, to this defendant of certain lands in the county of Franklin then owned by him, said John Van Vechten, and in his possession, the same being about fifty acres in township 7, in the town of Chateaugay, but failed so to do.

That said promissory note for $1,000 was not the property of said Catharine Briggs, and she never had or possessed any title to or interest in the same until about the 31st day of January, 1880, and then only as a memorandum of the indebtedness of this defendant to said Catharine Briggs for moneys placed in his hands by her husband, James A. Briggs, sometime in the year 1866, the claim for which said James A. Briggs had, prior to said 31st of January, 1880, transferred to his said wife, Catharine Briggs, as defendant is informed and verily believes.

That at the time of the making and delivery to this defendant of the promissory note of $1,000 mentioned and described in plaintiffs' said complaint, said John Van Vechten, as defendant is informed and verily believes, was not indebted unto said Catharine Briggs in the sum of $1,000, but was owing and indebted unto this defendant in the sum of $1,000 above the $2,400 note and the other indebtedness of said John Van Vechten to this defendant hereinbefore referred to and specified, and for which said other indebtedness of $1,000 said promissory note was executed by John Van Vechten and delivered to this defendant.

The defendant further alleged that at the time of the execution of the deed of conveyance by John Van Vechten and Mary A. Van Vechten (the plaintiff, Mary A. Alvord), of the premises in said complaint described and set forth, he, this defendant, was the rightful owner and entitled to the possession and income of two-sevenths of the whole of said lands and premises in manner following: To one-seventh of the whole of said conveyed premises, as one of the heirs-at-law of John Van Vechten, the father of this defendant, then deceased, and to one-seventh of the whole of said premises by virtue of a conveyance thereof from Isaac S. Van Vechten, a brother of defendant and a son of said John Van Vechten last herein named; and which said two-sevenths of said lands and premises had before the decease of John Van Vechten, first herein named, been conveyed by this defendant to the first herein named John Van Vechten in trust for the benefit of this defendant, and without any other consideration whatsoever.

The plaintiff served a reply denying all counter-claims.

Upon the trial of the action the defendant testified that none of the money represented by the $1,000 note was received from Catharine Briggs, and that it was his own money. The letter produced upon the trial and marked for identification, "June 25th B," contained, among other things, this clause: "I told you I should try to manage matters in disposing of the land (being the land in question in this action), so as to secure for you one thousand dollars loaned to John (meaning John Van Vechten), for your acc., for which I hold his note, but with the depression land value has dropped almost out of sight." The letter was written by the defendant to Catharine Briggs before Christmas Day, 1883. The letters of the defendant to John Van Vechten, marked Exhibits 1a to 12a, inclusive, related to matters concerning the lands.

In regard to them the defendant was asked: " Look at those 1a to 12a, inclusive, and state whether you found those, as administrator, in your brother John's trunk ?" The question was objected to but admitted. The defendant, under objection, was allowed to state where he was when the letters were written and that he had signed them. The indorsement on the $2,400 note was as follows:

" This note was settled for and made void on the 16th of August, 1867, by the terms for a deeding to Mrs. Catharine Briggs, of

Mount Vernon, Knox Co., Ohio, Great Lot 37, Township 6 of the O. M. Tract, Clinton County, N. Y., excepting subdivisions Nos. one, three and four.          "TEUNIS VAN VECHTEN."

Exhibits 18 A and 19 A, letters from Kate Briggs to the defendant, stated, among other things, that she had no remembrance that anything was ever said to her prior to the time of her deed to the defendant, at any time, by any one about the land being held in trust as security for her. She also stated that she deeded the land to the defendant unqualifiedly, without any agreement as to trust or security.

As to the reasons why John Van Vechten deeded to Catharine Briggs instead of deeding directly to Teunis Van Vechten the referee found as follows:

The plaintiff, Catharine Briggs, was not present when this conveyance was made and had no knowledge of the existence of it until months afterwards.

January 1, 1868, she gave to the defendant a power of attorney to sell and convey or demise the premises in his absolute discretion; to collect and receive all considerations, rentals, etc. This was done at his request and with knowledge of John Van Vechten, the defendant then stating to Catharine Briggs that the premises belonged to himself and had been conveyed by deed naming her as grantee for his benefit, and because a judgment had been entered against him some years previously in the city of New York.

The consideration expressed in the deed from Catharine Briggs to the defendant, of September 26, 1874, is one dollar, and no other consideration was, in fact, paid or received.

Since the execution of the conveyance by John Van Vechten and wife, bearing date August 16, 1867, the defendant has been in possession of the premises thereby conveyed, has paid the taxes thereon and has openly exercised control over and treated the same as owner, exclusive of all others.

On the 3d day of April, 1867, in the city of Boston, the defendant loaned to John Van Vechten, by delivering the money to one of the firm of which John was a member, and on his account, the sum of $1,000, for which John Van Vechten gave to the defendant his promissory note for that sum, dated that day, payable on demand to the order of Teunis Van Vechten, with interest.

Some time prior to January, 1868, the defendant received from the husband of Catharine Briggs, to be returned to her, the sum of $1,000. About the 1st of February, 1880, for the purpose of giving her written evidence of his indebtedness to her for that sum, he indorsed upon the note for $1,000, given to him by John Van Vechten April 3, 1867, "Pay to Mrs. Catharine Briggs. T. Van Vechten," and delivered that note, so indorsed, to her.

The existence of any indebtedness from John Van Vechten to Catharine Briggs, in the sum of $1,000 or any other sum, on the 16th of August, 1867, or at any other time, is not established.

*William P. Cantwell*, for the appellants.

*T. F. Conway*, for the respondent.

HERRICK, J. :

The portion of a letter marked for identification, June twenty-fifth " B," should have been received in evidence. The defendant says he wrote it, and it is admitted that he sent it to one of the plaintiffs; its subject-matter has an important bearing upon a material issue in the case. Its reception in evidence was objected to on the ground " that it is only a portion, and that the writing has evidently been mutilated." The defendant stated " that pages one and two do not appear to be found, except a portion of page two. These portions appear to have been cut off." The defendant was asked to take the letter and examine it and see if he could state the substance of the contents of that portion of the letter that had been cut off. The witness refused to examine the paper, and was sustained in his refusal by the referee. The plaintiff offered to show that the prior portion stated to have been cut off had no relation to any of the matters referred to in the paper as then presented. The referee held such evidence incompetent, and excluded it, and also refused to receive the letter in evidence. This, I think, was error. I can see no reason why a portion of a letter containing the whole of a proposition or statement, complete in itself, the matter having no connection with that contained in the other portion of the letter, should not be admitted in evidence, especially when the party against whom it is offered in evidence is the writer thereof, is a witness, and is not only given the opportunity, but is asked to state

whether the contents of the portion offered is in any way connected with the contents of the missing portion, and he refuses so to state, and refuses to examine the paper for the purpose of ascertaining by such examination whether he can determine there was or was not any connection or relation between the contents of the missing portion of the letter and the contents of the portion offered in evidence.

The letters from the defendant to John Van Vechten, deceased, marked Exhibits " 1 A " to " 12 A," inclusive, and the indorsement on the $2,400 note from John Van Vechten, deceased, to the defendant, the note and indorsement being Exhibit 12 in the case, were improperly received in evidence. John Van Vechten is the person through or under whom the defendant claims title to the premises in question. The letters purport to have been written by the defendant to John Van Vechten, deceased. The defendant was one of the administrators of John Van Vechten, and he claims to have found these letters in a trunk of John Van Vechten's after his death. At the time of writing the letters, or some of them, the defendant was in California. The defendant testifies that the signatures are in his handwriting, placed there at the time the letter or letters bear date. He also swears that the indorsement upon one or more of them is in his brother's handwriting. .

In *Resseguie* v. *Mason* (58 Barb., 89), where an administrator brought suit upon a claim against the intestate's son, the defendant offered in evidence certain letters that he testified were written by himself and found by him among the papers of the deceased, the court said : " The only evidence of their having been written by the defendant to the intestate or of their having been found amongst the papers of the latter, thus showing that he had received and retained them, was the testimony of the defendant himself. The objection was taken that the defendant was incompetent to testify on the subject under section 399 of the Code, and exception to the ruling admitting the evidence duly taken. The testimony was clearly incompetent. It related to both a ' transaction ' and a ' communication ' between the party testifying and a deceased person whose claims against such party were the subject of litigation. The provisions of section 399 of the Code relate as well to written as to verbal communications." Section 399 of the old Code and section 829 of the present Code are substantially the same. (See, also,

*Chaffee* v. *Goddard,* 42 Hun, 147–151; *Garvey* v. *Owens,* 37 id., 498; *Weed* v. *Hornby,* 35 id., 580; *Denham* v. *Jayne,* 3 id., 614.)

Exhibit No. 12, being the note and indorsement, the defendant swears he also found in the trunk of the deceased; that the indorsement upon it is in his, the defendant's, handwriting. He says it was made September 2d or 3d, 1867.

The defendant's claim is that the testator executed a deed to one Mrs. Briggs, one of the plaintiffs, for the defendant, in consideration of the $2,400, the deed, while in Mrs. Briggs' name, being delivered to him, and he says that he made the indorsement upon the note at or before the time of the delivery of that deed to him; that afterwards (I assume he means after he had indorsed it), and about September 3, 1867, was the next time afterwards, before John's death, that he saw Exhibit 12, and that after his death he found it in John's trunk. This points, in inferential, but unmistakable terms, to the making of the indorsement upon the note and its surrender, thus indorsed, by the defendant to John. A fact that cannot be proved directly by the witness cannot be established inferentially by his testimony. (*Grey* v. *Grey,* 47 N. Y., 552; *Johnson* v. *Spies,* 5 Hun, 468; *Jacques* v. *Elmore,* 7 id., 675; *Viall* v. *Leavens,* 39 id., 291.)

The indorsement, as offered in evidence, is a declaration in his own behalf, and the whole affair, as testified to, is clearly a personal transaction between the defendant and the deceased, and inadmissible in evidence. (*Redfield* v. *Stett,* 4 N. Y. St. Rep., 864.)

The letters and the indorsement upon the note, together with the testimony I have referred to, seem to me to come clearly within section 829 of the Code of Civil Procedure and the principle of the cases hereinafter cited.

The language and intent of that section embraces every variety of affairs; all means of communication, oral, written, signs or gestures, direct or indirect, positive or negative, or evidence of facts, the plain inference from which is a personal transaction between the witness and the party deceased. If the deceased could contradict, explain or qualify the testimony, if living, it comes within the rule. (*Tooley* v. *Bacon,* 70 N. Y., 34; *Koehler* v. *Adler,* 91 id., 657; *Holcomb* v. *Holcomb,* 95 id., 316; *Clift* v. *Moses,* 112 id., 426; *Mills* v. *Davis,* 113 id., 243; *Nay* v. *Curley,* Id., 575–580; *Heyne* v. *Doerfler,* 124 id., 505, and cases cited above.)

Exhibits 18 A and 19 A, being letters from the plaintiff Mrs. Briggs to the defendant, I think, were improperly admitted in evidence. They were written after the commencement of the action, and while the declarations and admissions in them were competent evidence against the writer, they were not against the other plaintiffs; there was no such joint interest between Mrs. Briggs and the other plaintiffs as would render her declarations or admissions evidence against them. And then, too, the letters were written after she had parted with title to the land in question and after the commencement of the action. They were admitted in evidence generally, not limited in their effect to the writer only. (*Matter of Will of Baird*, 7 N. Y. St. Rep., 758; S. C., on appeal, 14 id., 172, and cases cited.)

There are many other exceptions to the rulings of the referee in the reception and rejection of evidence, particularly to alleged violations of section 829 of the Code, but the conclusion at which I have arrived, as to the questions I have discussed, renders an examination of the other exceptions unnecessary, especially as many of them seems to be determined by the same principle governing those passed upon in this opinion.

For the errors herein referred to I think the judgment should be reversed, the referee discharged and a new trial granted, costs to abide the event.

MAYHAM, P. J., concurred.

PUTNAM, J.:

I concur in result, because I have only had time to examine one of the reasons for reversal in the opinion, *i. e.*, the reception of the evidence of defendant as to the indorsement, the time it was made, etc. I think, clearly, this was a personal transaction.

Judgment reversed, with costs; referee discharged and a new trial granted, costs to abide the event.