WM. G. WATTERS, Appellant, v. JAMES W. MCGREAVY.

**Evidence:** TRANSACTIONS WITH ONE INSANE. Where recovery was
sought against an insane person on notes payable to plaintiff's
order, and the cashier of a bank at which some of the notes
had been executed testified that plaintiff and defendant were
always together when the money was loaned by or paid to
the bank, and that on one occasion he did not know who re-
ceived the benefit of money he had handed to them, it
was not error to exclude plaintiff's testimony as to such trans-
actions and his partnership relations with defendant at the
time, nor his evidence as to what notes referred to in books
represented, since its admission would, by indirection, have
enabled plaintiff to give testimony incompetent under Code,
section 4604, declaring that no party shall be examined as a
witness in regard to a personal transaction or communication
with a person insane when the action is tried.

SAME. Where recovery was sought against an insane person on
notes payable to plaintiff's order, plaintiff's testimony that he

saw defendant sign the notes was properly excluded, under Code, section 4604, declaring that no party to any action shall be examined as a witness in regard to a personal transaction or commuication with a person insane when the action is tried. .

INCOMPETENCY: *Ex parte statements.* Where plaintiff sought to recover against an insane person on notes, *ex parte* statements of plaintiff's agent in a written report of moneys collected and paid out by him as defendant's guardian, were properly excluded as incompetent.

**Directing Verdict:** EVIDENCE: *Presumption of continuity.* Where plaintiff sought to recover against an insane person on notes payable to his order, and a partnership was shown to have existed between the parties for some years prior to the execution of the notes, and there was no direct testimony that the partnership had ceased to exist, and some of the notes grew out of the extension of other notes, all being signed by defendant, and indorsed by plaintiff at a bank to secure loans, and plaintiff and defendant were always together when loans were made and paid, it was not error to refuse to direct a verdict for plaintiff, since the presumption raised by giving a note, that all prior matters were settled, does not arise in all cases, and was negatived by such evidence, a partnership shown to exist being presumed to continue till dissolution is shown.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

MONDAY, MAY 21, 1900.

ACTION at law upon promissory notes. Trial to a jury, and verdict and judgment for defendant. Plaintiff appeals. —*Affirmed.*

*Lyon & Lyon* for appellant.

*Hubert O'Donnell* and *Henderson, Hurd, Lenehan & Kiesel* for appellee.

SHERWIN, J.—The plaintiff sues upon five promissory notes drawn payable to his order and signed by the defendant. They all purport to have been given in 1886, except the last,

which is dated February 25, 1887. The defendant has been insane for a number of years, and was so at the time of the trial below. His guardian defended, and pleaded, in substance, a co-partnership between plaintiff and his ward at the time the notes were executed, and that they were drawn payable to plaintiff, and signed by the defendant, for the convenience and use of the firm in borrowing money at the banks for firm purposes; that the plaintiff was the business and financial manager of the firm, and received all the money on the notes in question, and that none of it was ever received by the defendant for his sole use and benefit. The answer further alleges that at the time the notes sued upon were made the defendant was, and for a long time prior thereto had been, insane, incapable of understanding an obligation or a contract and his rights thereunder, and was induced to sign the notes in question without having received any compensation therefor; all of which was known to plaintiff. The answer further alleges payment. Upon the issues thus joined the case was tried. Under the statute the plaintiff was not a competent witness "in regard to any personal transaction or communication" between himself and defendant. Numerous errors are assigned on the exclusion of plaintiff's testimony as to personal transactions and communications with the defendant. The plaintiff was permitted to testify that he knew the handwriting of the defendant, and that the signatures to the notes were in his handwriting; but the court would not permit him to testify that he saw the defendant sign them. The notes were made payable to the order of the plaintiff, clearly indicating in themselves a personal transaction, and the testimony was properly excluded. *Cole v. Marsh,* 92 Iowa, 379; *Martin v. Shannon,* 92 Iowa, 375; *Van Vechten v. Van Vechten* (Sup.), 20 N. Y. Supp. 140; *Holcomb v. Holcomb,* 95 N. Y. 316; *Kroh v. Heins,* 48 Neb. 691 (67 N. W. Rep. 771). Some of the notes in suit had been executed at a bank

in Dubuque, drawn to the order of Watters, and by him indorsed, and the money paid thereon by the bank through Mr. Harrigan the cashier, who testified, as to the various transactions, that the plaintiff and the defendant were always there together when the money was loaned by or paid to the bank. As to one transaction, Harrigan testified that he "handed the money to them," and did not know who received and got the benefit of it. The plaintiff attempted to testify as to these various transactions, and as to whether he had received any of the money gotten from the bank on these notes, and in the same connection he was asked if he was then in partnership with the defendant. A careful examination of the record convinces us that this testimony was properly excluded, as was also his evidence as to what the notes referred to in the books represented. If admitted, it would have allowed the plaintiff to do by indirection that which the law says may not be done. See cases *supra*.

There was no error in rejecting the *ex parte* statement of Blenkison. He was the agent of Watters, and his written report to him was not competent. But we cannot notice in detail more of the exceptions to evidence. It is enough to say that we find no error in the admission or rejection thereof.

Plaintiff's motion to direct a verdict for him was rightly overruled. It is undoubtedly a correct rule of law that the giving of a note under certain circumstances raises a legal presumption that all matters between parties were settled up to that time. But this presumption does not arise in all cases. In this case it was admitted that the plaintiff and defendant had been in partnership for some years prior to December 31, 1884. There was no direct testimony that this partnership had been dissolved, or that business thereunder had ceased. When a partnership is once shown to exist, the law also presumes that it continues

until a dissolution is shown. The transactions of plaintiff and defendant at the banks were evidence tending to show that the notes there signed by the defendant and there indorsed by the plaintiff were for the use of the partnership, if one existed at the time; and this evidence might be considered by the jury sufficient to overcome any presumption of the law as to a complete prior settlement. Furthermore, these transactions themselves negative the claim made for them by the plaintiff.

We find no prejudicial error in the instructions given to the jury. They fairly and clearly stated the issues and the law which should govern the jury in its determination of the case from the evidence before it. The rule governing executed contracts with an insane person contended for by the plaintiff is the correct rule of law, and was given substantially as asked. *Behrens v. McKenzie,* 23 Iowa, 333; *Warfield v. Warfield,* 76 Iowa, 635. We think the case was tried and submitted without prejudicial error, and that the verdict finds sufficient support in the evidence. It is therefore AFFIRMED.