TAYLOR MORGAN v. IOWA CENTRAL RAILWAY COMPANY, Appellant.

**Railroads:** CROSSING SIGNALS: EVIDENCE.   The testimony of a witness that he looked and listened for an approaching train at a certain distance from the crossing, that he could have heard the crossing signals had they been given and that none were given,

is not merely negative evidence, but is entitled to as much weight as the statement of one who, in the same position, testified that he heard the signals.

**Same:** PROXIMATE CAUSE. In this action for the value of plaintiff's 2 horses killed at a crossing the evidence that defendant's failure to give the statutory signals was the proximate cause of the accident was sufficient to take that issue to the jury.

**Same:** CONTRIBUTORY NEGLIGENCE. It is also held that the questions 3 of plaintiff's negligence in approaching the crossing, and in his attempt to control the team after they became frightened were for the jury.

*Appeal from Hardin District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, MAY 3, 1911.

SUIT to recover the value of property destroyed by collision with one of defendant's trains. Verdict and judgment for the plaintiff. The defendant appeals. *Affirmed.*

*W. H. Bremner* and *J. H. Scales* (*George Seevers*, of counsel), for appellant.

*Chas. L. Hays,* for appellee.

SHERWIN, C. J.—One of the defendant's trains killed a pair of horses and destroyed other property belonging to the plaintiff at a highway crossing. The plaintiff alleged negligence because of a failure to give the statutory signals for the crossing and negligence in operating the train at an excessive and dangerous rate of speed, considering the location of the crossing. The crossing in question is at the north end of a cut and on a slight curve in the defendant's road to the east. The plaintiff, with his team, was going east on the highway, and when a short distance from the crossing the team became frightened at a train coming from the south, broke away from the plain-

tiff, and were killed by collision with the train on the crossing.

The appellant contends that there was no evidence from which the jury could find that the whistle was not blown and the bell rung for this crossing, as required by law; but in this the appellant is clearly mistaken. The plaintiff and a witness who was approaching the crossing immediately ahead of him testified that they looked and listened for a train from a point twenty rods west of the crossing until they were close to it, and that they did not hear a bell or whistle. They were both where they could have heard both the whistle and the bell, had they been sounded, and both were listening for such signals. Their testimony was not, therefore, merely negative. It was in the nature of positive testimony, because, if the witnesses were where they could not fail to hear, if giving the matter attention, and they were in fact looking out for and listening for the signals which they knew should be given, their testimony would be entitled to as much weight as that of a witness who in the same position heard the signals. *Mackerall v. Railway Co.,* 111 Iowa, 547; *Stanley v. Railway Co.,* 119 Iowa, 526; *Selensky v. Railway Co.,* 120 Iowa, 113; *Hoffard v. Railway Co.,* 138 Iowa, 543.

1. RAILROADS: crossing signals: evidence.

It is further said that there is no evidence that the failure to give the signals was the cause of the plaintiff's loss. We think otherwise, however. The plaintiff testified that his team was afraid of the cars and of the smoke emitted by engines, and that he was looking out for the train as he went toward the crossing. He was driving, walking behind his wagon, and when the horses saw the smoke of the train rolling up over the bank of the cut close to them they became frightened and broke away. Had the plaintiff been advised of the coming of the train by the proper signals, it is fair to presume that he would have stopped his team in a safe

2. SAME: proximate cause.

place and had it under better control. Under the facts presented, we think the question of proximate cause was for the jury. *Ward v. Railway Co.*, 97 Iowa, 50.

As we have already said, the plaintiff testified that he looked and listened for the approach of this train. The conformation of the land between the highway and the railroad south of the crossing was such that

3. SAME: contributory negligence.

a train could not be seen between the point where the horses became frightened and a point several rods farther west; hence, the plaintiff must necessarily rely on the statutory signals. We think the question of his negligence, both in this respect and in respect to his attempt to control his horses after they became frightened, was for the jury.

Although the appellant does not mention the matter in its brief of points, it argues that the issue of excessive speed should not have been submitted to the jury, and that the court erred in instructing on the subject of the defendant's negligence aside from the failure to give the statutory signals. We do not propose to notice these matters further than to say that while the plaintiff's pleading is not as clear as it might be made, we still think it fairly admits the construction given it by the trial court.

We find no error in the record, and the judgment must therefore be *affirmed.*