MAGEMAU & CO., PLAINTIFFS IN ERROR, v. N. H. BELL AND CHARLES C. TURNEY, EXECUTORS, DEFENDANTS IN ERROR.

1. **Witnesses against Executor.** A person who is precluded by statute from testifying against an executor cannot, by transferring his interest during the pendency of the action, be rendered competent to testify.

2. ———: TRANSFER OF INTEREST.   A transfer by a plaintiff of his interest in the action to a co-plaintiff during the pendency of the suit will not justify a court in dismissing the action.

ERROR to the district court for Saunders county.   Tried below before POST, J.

*George L. Loomis*, for plaintiffs in error, cited Greenleaf on Evidence, sec. 426.   *Myers v. Walker's Admr.*, 9 Ohio State, 558.   *White v. Tucker*, 9 Iowa, 100.   *Burrows v. McLain*, 37 Iowa, 189.

*N. H. Bell*, for defendant in error.

BY THE COURT.

1.   The defendants are executors of the last will and testament of John Riddle, deceased.   The firm of Magemau & Co. in April, 1880, consisted of Eugene Magemau, Otto Magemau, and Oswald Miller, who filed a claim against the estate of Riddle for the sum of $94.50, which claim was disallowed by the county court.   The plaintiffs then appealed to the district court.   In July, 1881, Eugene Magemau sold his interest in the firm to Otto Magemau, and up to the present time he has no interest therein. On the trial of the cause in the district court Eugene Magemau was offered as a witness to prove the claim, to which objection was made upon the ground that the adverse party was the executor of Riddle.   The objection was sustained and the witness excluded.   This is now assigned for error.

Sec. 329 of the code provides that: "No person having a direct legal interest in the result of any civil cause or proceeding shall be a competent witness therein, when the adverse party is an executor, administrator, or legal representative of a deceased person, unless the testimony of such deceased person shall have been taken during his lifetime and is to be read in evidence in such cause or proceeding."

In the case of *Davis v. Davis*, 26 Cal., 37, the court say: "We are of the opinion that the word 'representative' in the amendment of 1863 was intended by the legislature to designate the executor or administrator of a deceased person, and also the person or party who had succeeded to the right of the deceased, whether by purchase or descent or operation of law. Any other construction would leave the purchaser of an estate from a grantor who subsequently died in a worse condition than the grantor's executor would be had no conveyance of the estate been made."

In the case of *Kimball v. Kimball*, 16 Mich., 211, it was held that the statute precludes a party from putting in evidence his account of a transaction known to both when the death of the opposite party prevents his being heard. See also *Grand Gulf R. R. v. Bryan*, 8 S. & M., 275. *Kelton v. Hill*, 59 Me., 259. *Hollister v. Young*, 41 Vt., 160. *Wamsley v. Crook,* 3 Neb., 350.

But it is said that a party may, by divesting himself of his interest, in the event of a suit render himself competent as a witness, that the disability arises alone from his interest in the result of the suit; that is, suppose A has a claim against an estate which he is not competent to establish by his own testimony, but he may sell the claim and thereby divest himself of his interest, and he will then be permitted to testify in regard to the matter. If such was the law it would afford an easy mode of evading the statute.

The word "representative" is used in the statute to designate the person who succeeds to the rights of the deceased, whether by purchase, descent, or operation of law. There was no error in excluding the witness Magemau.

2. The court dismissed the action because it appeared that Eugene Magemau had sold his interest in the claim to O. Magemau. In this there is error.

Sec. 45 of the code provides that: "In case of the death or other disability of a party the court may allow

the action to continue by or against his representative or successor in interest.   In case of any other transfer of interest the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."   This section authorizes the court to substitute the party to whom the interest is transferred to be made a party, or permits the action to proceed in the name of the original party, and such transfer of interest is not cause to justify the court in dismissing the action.   The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.