C. C. HOUSEL, PLAINTIFF IN ERROR, v. H. W. CREMER, DEFENDANT IN ERROR.

1. **Witness**: COMPETENCY. In an action between the assignee and a mortgagee of a deceased assignor, the mortgagee is not a competent witness.

2. **Voluntary Assignment**: ASSIGNEE—WHO HE REPRESENTS. Under a voluntary assignment the assignee represents simply the assignor, and not his creditors, respecting the assigned property.

3. ——. The assignee under a voluntary assignment will not be permitted to urge that a sale of the property previous to the assignment was fraudulent as to the creditors of the assignor in order to defeat it.

ERROR to the district court for Douglas county. The action was replevin by Housel who claimed title as mortgagee under chattel mortgage. The defendant, Cremer, claimed title by virtue of a voluntary assignment made by Agnes M. McKelligon, mortgagor of the property. The assignment was made subsequent to the mortgage. Before the trial Agnes died, and at the trial Housel was not permitted to testify as a witness. Testimony was introduced on the part of the defendant, tending to show that these mortgages were fraudulent as to the creditors of Agnes. The court also

gave instructions to the jury based on the hypothesis that it was a proper defense to show that the mortgages were fraudulent as against these creditors. Verdict and judgment for Cremer.

*Webster & Gaylord*, for plaintiffs in error. The creditors were not parties to the suit. If this had been an action on the part of the creditors to set aside the mortgage, or if the creditors had commenced suit against McKelligon and attached this property and Housel had replevied from the officer, such testimony might have been admissible. An assignee, however, under a voluntary assignment, cannot defend against a prior conveyance of his assignor on the ground that the conveyance was fraudulent as to creditors. The assignee in this respect is clothed with no greater powers than the assignor, and the assignor could not have made defense that she had executed this mortgage to defraud her creditors. Such is the common law, and there is no provision of the Nebraska statutes to change it. *Wakeman v. Barrows*, 41 Mich., 363. *Van Heusen et al. v. Radcliff*, 17 New York, 580. *Estabrook v. Messersmith*, 18 Wis., 546. *Brownell v. Curtis*, 10 Paige, 210. *Leach v. Kelsey*, 7 Barb., 466. *Pillsbury v. Kingon*, 31 N. J. Eq., 619. *Heinrichs v. Woods*, 7 Mo. App., 236. *Flower v. Cornish*, 25 Minn., 473.

*John D. Howe* and *Groff & Montgomery*, for defendant in error, on question of Housel's competency as a witness, cited *Wamsley v. Crook*, 3 Neb., 344. On question of attacking mortgage for fraud, said that intent of statute is to invest the assignee with the character of a trustee for creditors. Comp. Stat., 60. See also, *Hoagland v. Trask*, 48 New York, 686. *Lininger v. Raymond*, 9 Neb., 40. S. C., 12 Id., 167. *Hallowell v. Bayliss*, 10 Ohio State, 540. *Thomas v. Talmadge*, 16 Id., 434.

LAKE, CH. J.

We will consider the points relied on for a reversal of the judgment, in the order of their presentation by counsel in their brief. The first of these is that Housel, who offered himself as a witness in his own behalf, was not permitted to testify, the court holding him to be disqualified by section 329 of the code of civil procedure, which provides that : " No person having a direct legal interest in the result of any civil cause or proceeding, shall be a competent witness therein, when the adverse party is an executor, administrator, or legal representative of a deceased person," etc. This ruling was correct. It is true that Cremer was neither an executor nor administrator, but he was the assignee of Agnes M. McKelligon, and within the contemplation of the statute, her " legal representative." He had, by the deed of assignment, been entrusted with the property in controversy for the purpose of selling it and paying off her debts. This done, if there should happen to be a surplus it would belong to her estate. In view, therefore, of the language of this section, " executors, administrators and legal representatives," the construction given to it in *Wamsley v. Crook*, 3 Neb., 344, is clearly correct. The principle applied to the defendants in that case is applicable here, and makes Housel incompetent to testify. *Magenau v. Bell, ante* p. 247.

Several of the rulings complained of were based upon the assumption that Cremer, the assignee, could make the same defense to the mortgage that the creditors of Mrs. McKelligon might do, viz., that as to them it was fraudulent. This was an erroneous view of the law, and may have been induced to some extent by the remark in the last clause of the opinion in *Lininger v. Raymond*, 12 Neb., 167, that " the assignee is a trustee for the creditors." That the very reverse of this is the correct rule in the case of a voluntary assignment, is shown by an almost unbro-

ken line of decisions in the courts of this country as well
as of England. And even in Pennsylvania, where deci-
sions have been made which support the rulings of the
court below, Chief Justice Gibson, in one case, said : " The
assignee is the debtor's instrument for distribution, and
stands in relation to the property as stood the debtor him-
self." *      *      * "As he stands in no privity to the
creditors he cannot arrogate to himself any of their attri-
butes and rights." *Vandyke v. Christ*, 7 Watts &
Serg., 374.

And in *Pillsbury v. Kingon*, 31 N. J. Eq., 619, it is
said : "The important question is : Whom does the assignee
under a voluntary assignment represent? Simply the as-
signor? Or, does he also stand in the right of his creditors,
and represent both? If he represent only the assignor, it is
clear that he cannot be heard to impeach his assignor's acts,
for no man can invest another man with a power he does not
himself possess (the creature can never be greater than his
creator), and no man can be permitted to found a claim on
his own iniquity ; *nemo ex proprio dolo consequitur ac-
tionem*. A fraudulent conveyance is good against the par-
ties and their representatives." And in *Brownell v. Curtis*,
10 Paige's Ch., 210, the rule was stated to be, that no one
by his mere voluntary assignment can transfer to his vol-
untary assignee a right of action which he does not him-
self possess. And where an insolvent makes a fraudu-
lent transfer of property to defraud his creditors, so as to
deprive himself of the right to reclaim it, he cannot by
a merely voluntary assignment give the assignee that
right. A great number of cases might be cited to the same
effect, but in addition to the foregoing, we will refer only
to *Jones v. Yates*, 9 Barn. & Cress., 532. *Estabrook et al.
v. Messersmith*, 18 Wis., 546. *Leach v. Kelsey*, 7 Barb.,
466. *Wakeman v. Barrows*, 41 Mich., 363. *Van Heusen
et al. v. Radcliff*, 17 N. Y., 580. *Heinrichs v. Wood*, 7
Mo. App., 236. *Flower v. Cornish*, 25 Minn., 473.

The rule contended for by counsel for the defendant in error is doubtless the proper one in cases where the assignee derives his title to the property, not through the merely voluntary act of the debtor, but by operation of law, as is the case with assignees in bankruptcy. In such cases he is not the creature of the debtor, but of the law for the protection of his creditors, and he may therefore very properly exercise their powers and attributes. *Pillsbury v. Kingon, supra.* Briefly stated then, the correct rule seems to be that the rights of a voluntary assignee, which Cremer was, respecting the assigned property, are simply those of the assignor at the time of making the assignment, and inasmuch as the assignor could not have interposed his own fraud in making a prior sale of his property to defeat it, his assignee cannot do so. Such being the law applicable to this case, Housel was not obliged to vindicate his mortgage against any presumption of bad faith in the making of it. The presumption of fraud which the statute raises, and which the judge referred to in his charge to the jury, is permitted only in favor of "creditors of the vendor, and subsequent purchasers in good faith," to neither of which classes Cremer belonged.

Such being our views of the law applicable to this case, the judgment must be reversed and a new trial awarded.

REVERSED AND REMANDED.