Magenau v. Bell.

MAGENAU & CO., PLAINTIFFS IN ERROR, v. N. H. BELL AND CHARLES C. TURNER, DEFENDANTS IN ERROR.

Payment: BURDEN OF PROOF. Where an account is admitted to be correct, but it is alleged that it is paid, the burden of proof is upon the defendant to prove payment.

MOTION to modify judgment entered in the case reported in 13 Neb., 247.

*George L. Loomis,* for the motion.

BY THE COURT.

An opinion was filed in this case in September, 1882, which is reported in 13 Neb., 247. In that opinion it was held that a person who is precluded by statute from testifying against an executor, cannot by transferring his interest be rendered competent to testify, and we adhere to that decision. It was also held that a transfer by a plaintiff of his interest in the action to his co-plaintiff during the pendency of the suit, did not justify the court in dismissing the action. The judgment of the district court was thereupon reversed and the case remanded.

The plaintiff in error now moves for a modification of the judgment upon the ground that there is a stipulation as to certain facts and admissions in the record, and also that this court enter final judgment upon the same.

The action is upon an account against the estate of John Riddle, deceased. This account was filed in the county court and disallowed, and on appeal to the district court the proceeding was dismissed. In the stipulation above referred to, it is admitted that the account is correct, but certain facts are stated to show payment.

The evidence of payment is as follows: One Frank C. Stewart testifies that in February, 1879, Riddle and Ma-

genau "were trying to make a settlement. I saw Riddle pay Magenau some money, but don't know how much."

When payment is pleaded the burden of proof is on the party asserting such fact. 2 Greenleaf Ev., § 516. Abbott's Trial Ev., page 446. *Knapp v. Runals*, 37 Wis., 136. *Fullerton v. Bank*, 1 Pet., 604.

In the case of *North Pennsylvania Railroad Co. v. Adams*, 54 Penn. St., 96, it is said: "But payment, tender, and readiness to pay are all affirmative pleas, casting the burden of proof upon the defendant." See also *Gernon v. McCan*, 23 La. Annual, 84. As the burden of proof as to payment is upon the defendant, and as there is a failure of proof upon that point, judgment will be entered in this court in favor of the plaintiffs for the amount of the account.

JUDGMENT ACCORDINGLY.