ELI BROWN v. FARMERS & MERCHANTS BANKING COMPANY.

FILED MARCH 16, 1893.    No. 4577.

1. **Voluntary Assignment:** FRAUDULENT CONVEYANCE OF CHATTELS BY ASSIGNOR: REPLEVIN BY ASSIGNEE.    The fact that a chattel mortgage was executed a few hours previous to the making of a voluntary assignment by the mortgagor for the benefit of creditors is not conclusive evidence of fraud so as to entitle the assignee to recover the mortgaged property as a part of the assigned estate.

2. ———: ———: ———: RIGHTS AND AUTHORITY OF ASSIGNEE. Under the provisions of sections 42 and 43 of the assignment law, the rights of the assignee to recover property fraudulently transferred by the assignor are similar to those of a judgment creditor and must be enforced according to the forms of law. He is not authorized to forcibly seize and take property on the assumption that it was transferred by his assignor in fraud of the rights of creditors.

3. **Review:** EVIDENCE.    *Held,* That the judgment of the district court is warranted by the findings of the referee.

ERROR from the district court of Franklin county.    Tried below before GASLIN, J.

*J. L. Kaley* and *A. F. Moore,* for plaintiff in error.

*Case & McNeny, contra.*

POST, J.

This was an action of replevin in the district court of
Franklin county by the defendant in error against the
plaintiff in error, defendant below, Eli Brown, sheriff of
said county.   The subject of the controversy is a stock of
merchandise and fixtures claimed by the plaintiff below by
virtue of a chattel mortgage executed by one Elder, while
the defendant below claims under a general assignment ex-
ecuted to him as sheriff by said Elder.   The issues having
been made up, the case was by agreement sent to a referee
for trial, with instructions to find the facts and state his
conclusions of law.   On the coming in of the report,
judgment was entered thereon in accordance with the recom-
mendation of the referee.   The only question presented by
the record in this court is whether the defendant in error
is entitled to judgment upon the findings of the referee,
which are here set out.

"1.  That on July 9, 1888, the plaintiff, The Farmers
& Merchants Banking Company, discounted a note of
$1,000, signed by S. S. Elder, John W. Elder, and A. M.
Williams & Co.

"2.  That on October 1, 1888, the said S. S. Elder made
a chattel mortgage on the goods in question to the plaintiff,
which said chattel mortgage was recorded October 2, 1888,
at 9 o'clock in the forenoon of said day and was accepted
by the said plaintiff, and that afternoon the said plaintiff,
at about 1 o'clock P. M. of said day, took possession of said
goods.

"3.  That on the 2d day of October, A. D. 1888, the
said S. S. Elder made to the sheriff of Franklin county a
general assignment for the benefit of all his creditors, which
assignment was recorded on the 2d day of October, 1888,
at 9 o'clock and 30 minutes A. M.

"4.  That the plaintiff first heard of the assignment be-
tween 3 and 4 o'clock P. M. of October 2, 1888, after the
plaintiff had accepted of the mortgage.

"5. That on the 8th day of October, 1888, the defendant, as assignee of S. S. Elder, took possession of the goods in question under said assignment and continued to hold the same until replevied in this suit."

Under the above state of facts the referee finds, as conclusions of law and fact:

"1. That the mortgage made on October 1, 1888, was made in good faith to secure a valid and *bona fide* indebtedness from the said S. S. Elder, John W. Elder, and A. M. Williams to the plaintiff.

"2. That said mortgage created a lien upon said property in question from the time of its execution and delivery in favor of the said plaintiff.

"3. That at the time when the said defendant took possession of said property, on the 8th of October, A. D. 1888, the said plaintiff had a prior lien upon the same.

"4. That at the time of the commencement of that suit the plaintiff, The Farmers & Merchants Banking Company had a qualified ownership in said property to the amount of their said note and mortgage, and was entitled to the immediate possession thereof, and that the same was unlawfully detained by the defendant."

The ground on which the mortgage is assailed by the sheriff as assignee is that it is void under the provisions of the assignment law.

The findings of the referee are quite indefinite. For instance, it does not appear, except by inference, that the mortgage upon which the defendant in error relies was given to secure the $1,000 note mentioned in finding No. 1, nor is the date of said note apparent, or the time when the indebtedness represented thereby was created. On the other hand, it is not found that the mortgagor, Elder, was insolvent on the 2d day of October, 1888, or contemplating insolvency, or that the defendant in error had reasonable cause to believe him to be insolvent or contemplating insolvency.

This is not an action in which the assignment is assailed on the ground that the execution of the mortgage a few hours prior thereto amounts to a preference of the bank as a creditor within the meaning of the assignment law. The contention is between the bank, defendant in error, and the assignee. It is provided by section 42 of the assignment law that "If a person, being insolvent or in contemplation of insolvency, within thirty days before the making of any assignment, makes a sale, assignment, transfer, or other conveyance of any description, of any part of his property to a person who then has reasonable cause to believe him insolvent or in contemplation of insolvency, and that such sale, assignment, transfer, or other conveyance is made with a view to prevent the property from coming to his assignee, * * * or to evade any of said provisions, the sale, assignment, transfer, or conveyance shall be void and the assignee may recover the property or the assets of the insolvent." It cannot be inferred from the report of the referee that the mortgage in question was executed in violation of any of the provisions of the section quoted. But assuming that it was fraudulent, that is, executed with an intention on the part of the mortgagor, Elder, to prefer the bank, and that the latter, by its managing officers, actively participated in such fraud, it does not follow that the assignee was entitled to possession of the property at the time of the commencement of the action in the district court. The defendant in error was in possession under the mortgage when the assignment was executed, and its possession of the property was continuous until it was taken by the assignee October 8.

In *Housel v. Cremer*, 13 Neb., 298, it was held that the assignee under a voluntary assignment cannot be permitted to urge that a sale of the property by his assignor previous to the assignment was fraudulent as to creditors of the latter, on the ground that a fraudulent conveyance is good as against the parties thereto and their representatives, and

that the rights of the assignee, with respect to the assigned estate, are simply those of the assignor at the time of the assignment. That was a case under the assignment law of 1877, and is intended as a statement of the rule applicable to common law assignments. The proposition that the assignee represents the assignor only would not be strictly accurate as applied to the assignment law of 1883. It would seem that by the provisions of section 42, above set out, the assignee may, in his discretion, proceed to recover property which rightfully belongs to the estate, but which has been diverted therefrom by the fraudulent act of his assignor. The authority conferred by the section named, as well as by section 43, is to recover the property according to the forms of law. His rights and remedies are similar to those of a judgment creditor, and he is not authorized to take by force property conveyed or transferred by the assignor wherever found in the possession of the purchaser.

It is due to counsel to say that the question to which most prominence is given in the brief of plaintiff in error, is the sufficiency of the evidence to sustain the findings. It is argued that the proofs clearly show that the mortgage was given by Elder for the purpose of defrauding creditors, which purpose was known to the officers of the bank, and which fact was available to Brown, the assignee, as a defense in the action against him on his bond. But the alleged bill of exceptions was stricken from the record on motion of defendant in error, for the reason that it was not allowed or signed by the referee. Our inquiry is restricted to the one proposition, viz., whether the court has correctly applied the law to the facts found by the referee. That question, as already intimated, should be resolved in favor of the judgment of the district court.

AFFIRMED.

THE other judges concur.