ALICE KROH ET AL., APPELLANTS, V. MARY J. HEINS ET AL., APPELLEES.

FILED JUNE 2, 1896.   No. 6519.

1. **Witnesses:** INTEREST IN SUIT: TRANSACTIONS WITH DECEDENT: TESTIMONY.   Section 329 of the Code of Civil Procedure excludes as incompetent, with certain specified exceptions, the testimony of one having a direct legal interest in the result of the suit, concerning transactions or conversations occurring between the witness and the deceased person, as against the representative of the latter.

2. ———: ———: ———: ———.   The statute does not apply where the transaction or conversation was not between the witness and deceased person, but between the latter and a third party, in which the witness took no part.

3. ———: ———: ———: REPRESENTATIVES.   The word "representative," as used in said section 329, includes any person or party who has succeeded to the rights of the decedent, whether by purchase, descent, or operation of law.

4. ———: ———: ———.   The word "transaction," as employed in said section, embraces every variety of affairs which forms the subjects of negotiations or actions between parties.

5. ———: ———: ———: GIFTS.   An interested party is prevented from testifying, over the objections of the representative of the decedent, to the receipt by him of a letter written by such decedent making a gift of his property, and to the contents thereof, since such letter constitutes a "transaction," within the meaning of the statute.

6. **Gifts:** EVIDENCE.   *Held,* That the decree establishing a gift is not supported by sufficient competent evidence.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.

*B. G. Burbank* and *George F. Gillmore*, for appellants.

*E. R. Duffie, B. N. Robertson,* and *James F. Morton, contra.*

NORVAL, J.

The defendant, James F. Morton, on the 7th day of December, 1885, received from one Adolph Von Heilen $1,500, to be loaned for the latter for a period not exceeding five years, at not less than ten per cent interest per annum, the interest to be paid semi-annually. By the power of attorney executed by Von Heilen the notes and securities taken for the loans were to remain in Morton's hands, he guarantying the prompt payment of the principal and interest as the same became due. Subsequently, on June 28, 1886, $500 more was received by Morton to loan under the same terms, and the entire $2,000 was put at interest by him. Receipts for said sums were given by Morton to Von Heilen. On the 13th day of March, 1887, Von Heilen died intestate, leaving him surviving, a brother and four sisters, the plaintiffs herein, as his only heirs at law and next of kin, to-wit: C. Edward Von Heilen, Alice Kroh, Emma C. Thompson, Mary E. Brown, and Anna A. Heins. The defendants, William F. Heins, Mary J. Heins, and Alice Heins, are the minor children of said Anna A. Heins. The plaintiffs claim the notes and securities taken for the said moneys placed in Morton's hands as heirs of their deceased brother, and the said minors claim the same as a gift from the said Adolph in December, previous to his death. This is an equitable action to determine the rights of the plaintiffs to said moneys and securities. From a decree in favor of the defendants, the plaintiffs, excepting said Anna A. Heins, appeal.

The defendant Morton in his answer, among other things, sets up that he has no moneys in his hands belonging to the estate of said Adolph Von Heilen; that the latter in his lifetime appointed his sister, said Anna A.

Heins, trustee to receive the moneys at that time held by Morton and belonging to said deceased, for the use and benefit of the three youngest children of said trustee, the minor defendants, and at the same time said Adolph Von Heilen made over and assigned to said trustee all his right or title in or to said moneys, and authorized and directed Morton to pay the same to said trustee, and that he has paid over to her all of said moneys, with interest thereon, for the purpose stated, and no part of the same is now in his hands. The answer further sets up a counter-claim against the estate of the said deceased in the sum of $738 for services rendered as attorney and agent, and for cash advanced for said estate. This answer contained other averments which need not be here stated. All allegations of the answer are denied by the reply.

The evidence to establish the alleged gift of the money to the said minors rests alone upon the testimony of the defendant Morton and the said Anna A. Heins, which was admitted over the objections of the plaintiffs, they claiming that the said Morton and Mrs. Heins were disqualified from testifying against the personal representatives of said deceased. If they are right upon this proposition the decree cannot stand. Mrs. Heins testified, in effect, that she visited Adolph Von Heilen at his home in St. Louis in 1886, and that while there he informed her of his intention to make a gift of the moneys in Morton's hands to her three youngest children, and that afterwards, in December of the same year, she received a letter from Von Heilen through the mails inclosing the receipts given by Morton for the $2,000. This letter having been lost, she was permitted to testify as to its contents, as follows: "He wrote stating and sending the receipts with his letter, 'and take this letter and show it to Mr. Morton and turn these receipts over to him, and get his receipt in full for all the money,' stating that he was sick, and he says, 'in case of my death without making a will, it is my express wish that the money should go to your three youngest children.'" She further testified that she

showed this letter to Mr. Morton, turned over to him the said receipts received from her brother, and that Mr. Morton thereupon receipted to her for the money. Mr. Morton also testified to the contents of the said letter to Mrs. Heins, to the surrendering to him of the receipts given the deceased, and to receipting to her for the money which Von Heilen had left with him to invest. The witness further testified that he received through the post-office three or four letters from Von Heilen, and stated the substance of their contents after foundation had been laid for that class of testimony. The first letter was dated in December, 1886, and to the question, "State what it contained," Mr. Morton answered: "Well, sir, it was about the same as Mrs. Heins', and informing me to turn the money over to her children and give her a receipt for it, and also to send the interest, which was then due or about due, to him until further instructed. That is the very language of the letter. There was six months' interest due, which I sent him." Mr. Morton also testified that the deceased in the same letter stated "that he wished, in case of anything happening to him without making a will, that I should see that the Heins children would get his money." The contents of the other missing letters received from the deceased, as given by Mr. Morton, being of the same import, need not be here set out.

Counsel for plaintiffs argue that there is not sufficient competent evidence in the record to establish a gift from Von Heilen to the minor defendants, for the reason that both Mr. Morton and Anna A. Heins were incompetent to testify against the plaintiffs as to transactions which they had with Von Heilen in his lifetime. The question raised is whether either of these witnesses is disqualified from testifying to conversations had with the deceased, and to the contents of the letters already mentioned, under the provisions of section 329 of the Code of Civil Procedure, which reads as follows: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative

of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." This section has been frequently before this court for consideration, and it has been uniformly held that a party who has a direct legal interest in the result of an action is precluded from testifying against the representative of a deceased person as to any transaction or conversation between the witness and such deceased person, except in the instances specifically enumerated in the statute. (*Wamsley v. Crook*, 3 Neb., 344; *Ransom v. Schmela*, 13 Neb., 73; *Magemau v. Bell*, 13 Neb., 247; *Housel v. Cremer*, 13 Neb., 298; *Rakes v. Brown*, 34 Neb., 304; *Parrish v. McNeal*, 36 Neb., 727; *Mead v. Weaver*, 42 Neb., 149; *Sharmer v. McIntosh*, 43 Neb., 509.) We are entirely satisfied with the interpretation placed upon the section quoted. The language of its provisions is too plain to admit of any other construction. Our statute does not, like those of some of the states, prohibit parties from becoming witnesses against the representatives of a deceased person, but it merely excludes persons who have a direct legal interest in the outcome of the suit from testifying to transactions or conversations with the deceased, and not then in case the evidence of the deceased in regard to the same has been already read in evidence, or such representative shall have called a witness who testified to the same conversation or transaction. Applying the foregoing to the case at bar, does the record disclose that either Morton or Mrs. Heins testified to any transaction or conversation had with Von

Heilen? As already stated, they each testified not only to the reception from the deceased of certain letters, but gave their contents, the loss of the letters having first been established. Mrs. Heins also repeated a conversation she had with Von Heilen. Clearly the testifying to said conversation was a violation of the letter and spirit of the law. The question arises whether the letters were "transactions" within the meaning and intent of the statute. The provisions of section 329 relate to all transactions between the witness and the deceased person, written as well as verbal. Obviously the legislature has not confined the operation of the statute to oral transactions merely, and we have no right to do so. The testimony of Mr. Morton and Mrs. Heins relate to "transactions" between each and the deceased.

The court in *Van Vetchten v. Van Vetchten*, 65 Hun, 215, in construing the statute of New York, almost identical with our own, say: "The language and intent of that section embraces every variety of affairs; all means of communication, oral, written, signs, or gestures, direct or indirect, positive or negative, or evidence of facts, the plain inference from which is a personal transaction between the witness and the party deceased. If the deceased could contradict, explain, or qualify the testimony, if living, it comes within the rule;" citing *Tooley v. Bacon,* 70 N. Y., 34; *Koehler v. Adler,* 91 N. Y., 657; *Holcomb v. Holcomb,* 95 N. Y., 316; *Mills v. Davis,* 113 N. Y., 243; *Nay v. Curley,* 113 N. Y., 575-580; *Heyne v. Doerfler,* 124 N. Y., 505.

*Montague v. Thomason,* 18 S. W. Rep. [Tenn.], 264, was a suit against the makers of a note found among the valuable papers of the deceased payee. It was held that one of the makers was incompetent to testify that he received a letter from the payee, which was lost, authorizing the renewal of the note in suit and promising to return such note as satisfied on the receipt of the renewal; that the renewal note was executed and delivered to the payee, and that he failed to return the original note. The

court in the opinion use this language: "A written trans-
action with, or statement by, a deceased person is no
more a matter about which the adverse party may testify
than a verbal transaction or statement. The statute
makes no distinction. Its prohibition, on the contrary, is
general; not limited to transactions and statements of
one kind or the other, but comprehending both. No
transaction with, or statement by, a deceased person is
excepted, but all are included." To the same effect are
the following decisions: *Holliday v. McKinne*, 22 Fla., 153;
*Sabre v. Smith*, 62 N. H., 663; *Resseguie v. Mason*, 58 Barb.
[N. Y.], 89. There are a few cases in conflict with the
foregoing; see *Chadwick v. Cornish*, 26 Minn., 28; *Hall v.
Northwestern Endowment & Legacy Association*, 47 Minn., 85.

Upon principle and authority we are constrained to
hold that the testimony objected to related to transac-
tions between the deceased and the witnesses, and, there-
fore, is within the prohibition of the statute, if Morton
and Mrs. Heins had a direct legal interest in the event of
the suit, and plaintiffs are the legal representatives of
the deceased. In *Wamsley v. Crook*, 3 Neb., 344, it was
held that "the word 'representative,' as used in the stat-
ute, was intended by the law-giver to designate the per-
son or party who succeeds to the rights of the deceased,
whether by purchase, descent, or operation of law." The
same doctrine has been announced and applied in *Mage-
man v. Bell*, 13 Neb., 248; *Housel v. Cremer*, 13 Neb., 298;
*Mead v. Weaver*, 42 Neb., 149. It follows from those adju-
dications that plaintiffs were the representatives of Von
Heilen, a deceased person; and if Morton and Mrs. Heins
possessed a direct legal interest in the litigation, their
testimony as regards the contents of the letters in ques-
tion was incompetent and should have been excluded. .

Counsel for the defendants argue that they were not
disqualified from testifying. It is to be remembered that
Mrs. Heins is one of the heirs of her deceased brother,
and is one of the parties plaintiff to this action. If
plaintiffs succeed, and the gift to the children be not

established, it is obvious she will be entitled to a distribu- tive portion of the money collected, and hence has a direct legal interest in the action. But it is insisted that since Mrs. Heins was a party plaintiff, her interests were adverse to that of the minors, and for that reason she was a competent witness for them. Mrs. Heins, doubtless, might waive the protection of the statute for herself alone, but she could not do so for her co-plaintiffs. She was an incompetent witness as against the other plaintiffs, who objected to her testimony. The fact that her interest was opposed to that of the defendants did not render her competent to testify to any transaction or conversation had between herself and the deceased over the objections of her co-plaintiffs. (*Le Clare v. Stewart*, 8 Hun [N. Y.], 127; *Howell v. Taylor*, 11 Hun [N. Y.], 214; *Cornell v. Cornell*, 12 Hun [N. Y.], 312; *Van Tuyl v. Van Tuyl*, 57 Barb. [N. Y.], 235; *Gifford v. Sackett*, 15 Hun [N. Y.], 79; *McCartin v. Administrator of Traphagen*, 11 Atl. Rep. [N. J.], 156.) Furthermore, Mrs. Heins being the mother, guardian, and trustee of the defendants, who are minors, she was interested adversely to the other heirs of the deceased. It is not material on which side of the case her greater interests lie, since her competency as a witness is not to be determined by the weighing of her conflicting interests. A direct legal interest in the event of an action disqualifies a witness from testifying to transactions or conversations with the deceased, whether such interest be great or small. (*Wylie v. Charlton*, 43 Neb., 840.) Morton was also disqualified from testifying to the receipt by him of certain letters alleged to have been written by the deceased, and to their contents, since Morton was a defendant to this action and directly interested in the result thereof. He claims to have accounted for and paid over to Mrs. Heins, the mother and guardian of his co-defendants, all of the moneys which had come into his hands. If plaintiffs are successful, he will be required to pay the money a second time. He is not a mere disinterested or nominal party. In his answer he

denies any liability to the plaintiffs for the money, and prays judgment against plaintiffs for services rendered and moneys paid out for the estate. Within the light of the authorities already mentioned, the conclusion is irresistible that Mr. Morton had such an interest in the outcome of the suit as to disqualify him from giving the contents of the letters written to himself by Von Heilen, since the reception of such letters, within the meaning of the statute, constituted transactions between the witness and the deceased. Doubtless, his testifying to the contents of the letter alleged to have been received by Mrs. Heins was not an infringement of the statute, as it merely excludes proof of transactions and conversations between the witness and the deceased. The provisions of section 329 do not apply where the transaction or conversation was not between the witness and the decedent, but between the latter and a third person. (*Lobdell v. Lobdell*, 36 N. Y., 327; *Colvin v. Phillips*, 25 S. Car., 228; *Mayes v. Turley*, 60 Ia., 407; *Gable v. Hainer*, 83 Ia., 457; *Sullivan v. Lattimer*, 17 S. E. Rep. [S. Car.], 701; *Hughey v. Eichelberger*, 11 S. Car., 49; *Raison's Administratrix v. Steele*, 29 S. W. Rep. [Ky.], 454; 29 Am. & Eng. Ency. Law, 722, and authorities there cited.)

The proving of the contents of the letter which it is claimed Von Heilen wrote Mrs. Heins, and the surrender by her to Morton of his receipts for the money, were insufficient to establish a valid gift of the funds to the minors without proof of the delivery of the subject of the gift, or such delivery as the nature of the property and the circumstances and situation of the parties would permit. The notes and securities held by Morton were never actually delivered by Von Heilen to Mrs. Heins or her children. It is claimed that the letter making the gift of them to the children was accompanied by the receipts of Morton evidencing Von Heilen's rights to the funds in dispute. If the delivery of the letter and receipts to Mrs. Heins was established by competent evidence, it might suffice; but outside of her testimony there

is nothing to show that the letter to her claimed to have been written by Von Heilen was sent by him to her, or that it inclosed the Morton receipts. Mrs. Heins, it is true, testified, over objections, to the reception of this letter and receipts through the post-office; but she was disqualified from testifying to their delivery, inasmuch as the reception by her of the letter and receipts constituted a "transaction" with a person since deceased, within the meaning of the statute. In addition to the authorities already given, see *Howard v. Zimpleman*, 14 S. W. Rep. [Tex.], 59; *Nunnally v. Becker*, 13 S. W. Rep. [Ark.], 79. The only case holding a contrary doctrine which has come under our observation is *Daniels v. Foster*, 26 Wis., 686, and the reasoning of the author of the opinion is illogical and unsound. A transaction is the doing or performing of any business or affair. It may be accomplished by writing as well as orally. The delivery of a written instrument is a part of the transaction, since it would be incomplete without delivery. If there was any proof that Von Heilen deposited this letter in the post-office, the presumption might be indulged that Mrs. Heins received the same by due course of mail; but there is no such evidence, and proof of its delivery was essential. As there is no competent evidence of the gift having been consummated by a delivery, it never became operative, and the trial court erred in holding that the plaintiffs, as the heirs and the representatives of the decedent, were not entitled to the funds. The decree is reversed and the cause remanded to the district court with directions to render a decree in favor of the plaintiffs.

REVERSED AND REMANDED.